IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTEBAN ALFARO-HUITRON,
ELEAZAR GARCIA-MATA,
JOSE ANTONIO GARCIA-MATA,
JUAN GUZMAN, JOSE GERARDO JASSO,
RAUL JASSO-CERDA, ISMAEL MARTINEZ
GONZALEZ, ENRIQUE ROJAS-TORRES,
LAZARO ROJAS-TORRES,
TRINIDAD SANTOYO-GARCIA,
PEDRO TAMEZ, ANGELA TREJO,
EFRAIN TREJO, SANTOS TREJO,
and YANETH TREJO,

        Plaintiffs,

v.                                                      CV 15-210 JCH/WPL

WKI OUTSOURCING SOLUTIONS, LLC;
JAIME CAMPOS; CERVANTES AGRIBUSINESS;
CERVANTES ENTERPRISES, INC.;
RJF FARMS, INC.; RONNIE J. FRANZOY;
TEIRRA DE DIOS FARMS, LLC;
LACK FARMS, INC.; and SKYLINE PRODUCE, LLC,

        Defendants.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

The Plaintiffs filed a motion to compel discovery responses from Defendant Cervantes Agribusiness ("CAB"). (Doc. 147.) The Plaintiffs served written discovery requests on CAB on September 17, 2015. CAB responded on October 16, 2015, and objected to several of the discovery requests. (*Id.* at Ex. 1.) The Plaintiffs notified CAB that its responses appeared to be deficient. The parties conferred on November 9; CAB agreed to supplement its responses by November 13, 2015. (Doc. 147.) CAB did not respond to the motion to compel. By failing to

respond to the motion to compel, CAB has consented to my granting the Plaintiffs' motion to compel. D.N.M.LR-Civ. 7.1(b). To the extent that CAB objected to the written discovery requests, I rule on those objections. Accordingly, I grant in part and deny in part the Plaintiffs' motion to compel.

## OBJECTIONS TO INTERROGATORIES

A party objecting to an interrogatory must specify its grounds for the objection. FED. R. CIV. P. 33(b)(4); *e.g.*, *Doe v. Nat'l Hemophilia Found.*, 194 F.R.D. 516, 520 (D. Md. 2000). "Mere recitation of familiar litany that interrogatory is overly broad, burdensome, oppressive, and irrelevant does not suffice as specific objection." *Miller v. Pruneda*, 236 F.R.D. 277, 281 (N.D. W. Va. 2004) (quotation omitted). Any objection not raised or not raised with specificity is waived. *Id.*

CAB objected to Interrogatory No. 2 on just such a basis, stating that "[CAB] objects to this interrogatory because the discovery sought is not reasonably calculated to lead to admissible or relevant information. . . . [and] because the interrogatory is overly broad and burdensome . . . ." (Doc. 147 Ex. 1 at 2.) CAB objected to Interrogatory Nos. 3, 4, 6, and 7 on similar grounds, but provided some responsive answers. CAB again failed to raise any objection with specificity. With regard to No. 6, CAB also objects on the basis that the requested information is "financially confidential." (*Id.* at 4.) Confidentiality is not privilege, and is therefore not a proper objection. However, CAB may seek an appropriate protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)(G). The objections to Interrogatory Nos. 2, 3, 4, 6, and 7 are overruled. CAB will provide complete answers to these interrogatories no later than January 7, 2016.

CAB objected to Interrogatory No.5 on the bases of relevance, ambiguity, over-breadth, and burdensomeness. (*Id.* at 4.) While CAB does not expound on its objections to relevance,

over-breadth, and burdensomeness, it did identify the terms "performed agricultural labor" and "premises controlled by you" as being impermissibly ambiguous or vague. (*Id.*) The Plaintiffs point out that 29 U.S.C. § 1802(3), (10)(B) defines the terms "agricultural employment" and "seasonal agricultural worker." In light of these statutory definitions, I agree with the Plaintiffs that "performed agricultural labor" is neither ambiguous nor vague. This objection is overruled. Additionally, the term "premises controlled by you" has a facially obvious definition: CAB is a business that operates on certain premises, and those premises are controlled by CAB. This objection, too, is overruled. The remaining objections to this interrogatory are overruled for lack of specificity, as discussed above. CAB will provide a complete answer to this interrogatory no later than January 7, 2016.

Interrogatory No. 8 asked CAB to "[i]dentify each communication in which you or another person explicitly or implicitly referred to Defendants WKI or Jaime Campos," with the explicit exception of privileged attorney-client communications. (*Id.* at 5.) CAB objected that the interrogatory is overly broad, based on the kinds of information sought, and explained that CAB "cannot recall the date of, or participants in, or duration of, all discussions with Mr. Campos." (*Id.* at 6.) Rule 33(b) requires that interrogatories must be answered to the extent that they are not objectionable. FED. R. CIV. P. 33(b). When the answering party lacks necessary information and is unable to obtain that information, it is required to make such a statement under oath and explain the efforts made to obtain the information. *See Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977). CAB's objections are overruled, except that the objection to the breadth of this interrogatory is overruled without prejudice. CAB will provide a complete answer to this interrogatory no later than January 7, 2016, or will explain, under oath, that it lacks necessary information to respond and the efforts made to obtain the information.

CAB made similar objections to Interrogatory No. 10, which requested documentation related to "any weather event [that] adversely affected [CAB's] business in calendar year 2011[.]" (Doc. 147 Ex. 1 at 6.) CAB objected to the ambiguity and vagueness of the term "weather event adversely affected," and stated that it "did not document the dates responsive to this interrogatory, and does not recall the responsive dates." (*Id.*) CAB then objected that the interrogatory is overly broad. As discussed above, CAB is required to make an effort to obtain responsive information, and must state under oath that it lacks the necessary information but has attempted to obtain it in specified ways. *See Miller*, 76 F.R.D. at 140. CAB's objection that "weather event adversely affected" is an ambiguous term is overruled. *See Gonzales v. City of Albuquerque*, No. CIV 09-0520 JB/RLP, 2010 WL 553308, at *3 (D.N.M. Feb. 9, 2010) (unpublished) (finding that an ambiguity objection can be overruled when the interrogatory is "sufficiently clear to permit the Defendants to respond"). As a participant in the agricultural business, CAB is capable of responding to this interrogatory. It may submit a more specific objection as to how this term is ambiguous or may request clarification from the Plaintiffs. In any event, CAB will provide a complete answer to this interrogatory no later than January 7, 2016.

Interrogatory No. 11 requested a description of "all goods and services that [CAB] produced" for a five-year span involving the time-period at issue in this case. (Doc. 147 Ex. 1 at 7.) CAB objected on the bases of relevant and confidentiality, but provided a partial response for one of the years. CAB may propose an appropriate confidentiality or protective order relating to the financial information requested, but is nonetheless required to answer. CAB's relevance objection is not specific and is therefore waived, as discussed above. CAB will provide a complete answer to this interrogatory no later than January 7, 2016.

CAB objected to Interrogatory No. 12, seeking information about the electronic devices used to find information responsive to the Plaintiffs' written discovery requests, on the bases of relevance, over-breadth, and burdensomeness. Again, CAB is required to make an effort to fully respond to the interrogatory. CAB's objections are overruled for lack of specificity. CAB will provide a complete answer to this interrogatory no later than January 7, 2016.

### REQUESTS FOR PRODUCTION

A party must either produce documents responsive to a request for production ("RFP") or "state with specificity the grounds for objecting to the request, including the reasons" and "state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2). As with interrogatories, general objections to a request for production are insufficient and will be overruled. *See Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 12-13 (D.D.C. 2008).

CAB objected to RFP 5, requesting production of "documents that show all amounts of money that [CAB] paid in exchange for agricultural labor since January 1, 2009, regardless of whether [CAB] paid workers directly or through any intermediary[, including] without limitation all amounts paid for contracting fees, supervision fees, wages, taxes, transportation and housing" (Doc. 147 Ex. 1 at 9-10), on the bases of relevance, over-breadth, burdensomeness, and financial confidentiality. CAB did respond, however, that it had not paid for housing. (*Id.* at 10.) As above, CAB failed to make or explain any specific objection. Additionally, confidentiality is not privilege, and CAB bears the burden of proposing an acceptable protective order. The objections are overruled. CAB will produce all documents responsive to this RFP by January 7, 2016. CAB may produce a privilege log if it is appropriate.

CAB objected to RFP 7, requesting production of CAB's payroll records between 2009 and 2013, on the bases of relevance and privilege. CAB failed to expound upon its relevancy objection, and that objection is overruled. As to CAB's claim of privilege, the party claiming privilege must produce a privilege log, describing "the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5). CAB will produce all documents responsive to RFP 7, produce a privilege log as required under Rule 26, or some combination of the two no later than January 7, 2016. I will defer ruling on CAB's privilege objection until the documents or privilege log have been produced.

CAB objected to RFP 13, requesting production of "all documents in all 'supplier files' . . . that [CAB] collected since January 1, 2009" (Doc. 147 Ex. 1 at 12), on the bases of relevance, privilege, and burdensomeness. As above, CAB failed to explain its objections or provide a privilege log as required under Rule 26. CAB's objections are overruled, except its objection on the basis of privilege. CAB will produce all documents responsive to RFP 13, produce a privilege log as required under Rule 26, or some combination of the two no later than January 7, 2016. I will defer ruling on CAB's privilege objection until the documents or privilege log have been produced.

Finally, as to RFP 8, requesting all documents referencing or showing any effect on CAB's operations during 2011 or 2012 based on adverse weather events, CAB objected that the request is overly broad, vague, and ambiguous. Without waiving the objection, CAB stated that it had no responsive documents. Given that this response was signed by CAB's attorney and that

CAB and counsel are presumably aware of their obligations under the Federal Rules of Civil Procedure, the Plaintiffs' motion to compel these documents is denied.

## CONCLUSION

CAB failed to state its objections to the discovery requests with specificity. To the extent that CAB specifically claimed privilege, it may produce a privilege log or responsive documents by January 7, 2016. CAB will produce complete responses to all interrogatories and RFPs discussed herein, except RFP 8. Failure to comply with this Order may have serious consequences, up to and including a default judgment in favor of the Plaintiffs or the institution of contempt proceedings.

The Plaintiffs' motion to compel is granted in part and denied in part.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.