IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTEBAN ALFARO-HUITRON, ELEAZAR
GARCIA-MATA, JOSE ANTONIO GARCIA-MATA,
JUAN GUZMAN, JOSE GERARDO JASSO,
RAUL JASSO-CERDA, ISMAEL MARTINEZ
GONZALEZ, ENRIQUE ROJAS-TORRES, LAZARO
ROJAS-TORRES, TRINIDAD SANTOYO-GARCIA,
PEDRO TAMEZ, ANGELA TREJO, EFRAIN TREJO,
SANTOS TREJO, and YANETH TREJO,

       Plaintiffs,

v.                                                                          CV 15-210 JCH/WPL

WKI OUTSOURCING SOLUTIONS, LLC;
JAIME CAMPOS; CERVANTES AGRIBUSINESS;
CERVANTES ENTERPRISES, INC.; RJF FARMS, INC.;
RONNIE J. FRANZOY; TEIRRA DE DIOS FARMS, LLC;
LACK FARMS, INC.; and SKYLINE PRODUCE, LLC,

       Defendants.

**ORDER GRANTING-IN-PART AND DENYING-IN-PART
MOTION TO SET DEPOSITION LOCATION**

Plaintiffs filed an opposed motion to set deposition location based on ten deposition notices they received from Defendants Cervantes Agribusiness and Cervantes Enterprises ("Cervantes"). (Doc. 163.) Cervantes noticed the depositions for March 21-23, 2016, in Las Cruces, New Mexico. Four of the Plaintiffs live in South Texas, over 800 miles from Las Cruces, and six of the Plaintiffs live in El Paso, Texas. All of the Plaintiffs are low-wage migrant agricultural workers. Cervantes opposes the motion and requests an Order compelling the Plaintiffs to appear for their depositions in Las Cruces. (Doc. 165.) For the reasons explained below, I grant-in-part and deny-in-part the motion.

Federal Rule of Civil Procedure 30(b)(4) allows the parties to stipulate, or the court—on motion—to order, that a deposition be taken by remote means. As a general proposition, a plaintiff is required to come to the forum jurisdiction for his or her deposition. *E.g.*, *de Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 158 (D.P.R. 1973); 8A WRIGHT, MILLER, ET AL., FED. PRAC. & PROC. CIV. § 2112 (3d ed. 2012). However, special circumstances counsel in favor of not applying the general rule and it is well-settled that the court has discretion to designate the location for taking a deposition. *E.g.*, *Stanissis v. Dyncorp Intern. LLC*, 2015 WL 5603722, at *2 (N.D. Tex. Sept. 23, 2015) (citing *Thompson v. Sun Oil Co.*, 523 F.2d 647, 648 (8th Cir. 1975)).

As an initial matter, Cervantes appears to understand the Plaintiffs' motion as requesting an Order compelling defense counsel to travel to Brownsville and McAllen, Texas, where the four South Texas Plaintiffs reside, to take their depositions. (*See* Doc. 165 at 1.) I disagree. The Plaintiffs instead request leave to have their depositions taken by remote means, particularly if defense counsel chooses not to travel to their places of residence.

Cervantes objects to taking depositions by remote means because of the Plaintiffs' need for a translator, concerns about improper communications during the depositions, potential difficulty sharing documents, and the desire to videotape the depositions.

With respect to the translator, the Plaintiffs will require a translator wherever their depositions are taken. Cervantes indicated that it has already secured the services of an appropriate translator for the deposition dates. (Doc. 165 at 5.) Translation will be just as effective through videoconference.

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

To the extent that Cervantes is concerned about improper communications during the depositions, Plaintiffs correctly state that such concerns may be assuaged by placing a court reporter in the room with the Plaintiff-deponent and instructing the court reporter to report all individuals present and any communication with the deponent. Plaintiffs volunteered to bear the cost of a court reporter at a remote location. (*See* Doc. 163 Ex. 4.)

Cervantes is also concerned about sharing documents during the deposition and marking exhibits. Many documents are shareable by email and others can be raised to the screen. To the extent that Cervantes intends to use or mark documents or exhibits, it could send the documents or exhibits to Plaintiffs' counsel—with at least three days' notice—so that Plaintiff-deponents may have a copy of the documents at the remote location. It would be incumbent upon Cervantes to certify that the parties are looking at the same documents.

Finally, Cervantes wants to videotape the depositions. Cervantes can videotape a deposition taken over Skype or other remote communication device at low or no cost. The parties are instructed to work together to ensure appropriate videotaping. Alternatively, Plaintiffs volunteered to videotape the depositions and provide Cervantes with a copy of the videotape. (Doc. 166 at 3.)

With respect to the four South Texas Plaintiffs, I agree that requiring them to travel to Las Cruces for their depositions would cause great financial hardship and therefore find good cause for not applying the general rule. Instead, defense counsel may travel to where the South Texas Plaintiffs reside or, in the alternative, may take their depositions by remote means. Plaintiffs will bear all costs reasonably necessary to produce the videoconference. Cervantes may

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

record the depositions or ask Plaintiffs' counsel to record the depositions and provide Cervantes with a copy. Accordingly, the Plaintiffs' motion to take the four South Texas Plaintiffs' depositions by remote means is granted.

With respect to the six El Paso Plaintiffs, I am not convinced that traveling to Las Cruces is indeed a hardship. The New Mexico Department of Transportation provides a park-and-ride service between El Paso and Las Cruces—the Gold Route—that costs $3.00 each way. *See* NMDOT Park & Ride, www.nmparkandride.com (Southern NMDOT Park and Ride Schedule) (last visited March 14, 2016). The travel time between El Paso and Las Cruces varies from approximately 45 minutes (West side of El Paso to East side of Las Cruces) to approximately 90 minutes (East side of El Paso to West side of Las Cruces). It cannot be said that this burden is unreasonable for the six El Paso Plaintiffs to bear. Accordingly, the Plaintiffs' motion to take the six El Paso Plaintiffs' depositions by remote means or in El Paso is denied. The six El Paso Plaintiffs are instructed to appear for their depositions in Las Cruces, New Mexico, as instructed in the notices of deposition.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.