# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ESTEBAN ALFARO-HUITRON,
ELEAZAR GARCIA-MATA,
JOSE ANTONIO GARCIA-MATA,
JUAN GUZMAN, JOSE GERARDO JASSO,
RAUL JASSO-CERDA, ISMAEL MARTINEZ
GONZALEZ, ENRIQUE ROJAS-TORRES,
LAZARO ROJAS-TORRES,
TRINIDAD SANTOYO-GARCIA,
PEDRO TAMEZ, ANGELA TREJO,
EFRAIN TREJO, SANTOS TREJO,
and YANETH TREJO,

       Plaintiffs,

v.                                              CV 15-210 JCH/WPL

WKI OUTSOURCING SOLUTIONS, LLC;
JAIME CAMPOS; CERVANTES AGRIBUSINESS;
CERVANTES ENTERPRISES, INC.;
RJF FARMS, INC.; RONNIE J. FRANZOY;
TEIRRA DE DIOS FARMS, LLC;
LACK FARMS, INC.; and SKYLINE PRODUCE, LLC,

       Defendants.

## ORDER GRANTING-IN-PART AND DENYING-IN-PART
## CERVANTES DEFENDANTS' MOTION TO COMPEL

Cervantes Agribusiness and Cervantes Enterprises, Inc. (collectively "Cervantes Defendants"), filed a motion to compel discovery responses from the nine remaining Plaintiffs. (Doc. 177.) The Cervantes Defendants served written discovery requests on Plaintiffs on March 2, 2016. Plaintiffs responded on April 4, 2016, after an agreed upon extension, and objected to several of the discovery requests. The parties conferred on April 26, 2016; Plaintiff agreed to supplement some of their responses by May 10, 2016. (Doc. 179 at 7-11.) Plaintiffs responded to

the motion to compel (*id.*), but the Cervantes Defendants did not file a reply. The parties appear to agree that each Plaintiff responded to written discovery requests in substantially the same way, such that all objections and challenges apply equally to all Plaintiffs. As explained herein, I find that some of the Plaintiffs' objections have merit and therefore sustain those objections. I grant-in-part and deny-in-part the Cervantes Defendants' motion to compel.

INTERROGATORIES

Federal Rule of Civil Procedure 33, governing interrogatories to parties, provides that "interrogatories must be answered (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." FED. R. CIV. P. 33(b)(1); *see also Cabales v. United States*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970) (interrogatories must be answered and signed by the party to whom they are directed). "An interrogatory may relate to any matter that may be inquired into under Rule 26(b) . . . [and] is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until . . . some other time." FED. R. CIV. P. 33(a)(2). When the answering party lacks necessary information and is unable to obtain that information, it is required to make such a statement under oath and explain the efforts made to obtain the information. *See Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977). An incomplete or evasive answer is not considered an answer, but rather a failure to answer. *Villareal v. El Chile, Inc.*, 266 F.R.D. 207, 212 (N.D. Ill. 2010) (citing FED. R. CIV. P. 37(a)(4)).

A party objecting to an interrogatory must specify its grounds for the objection. FED. R. CIV. P. 33(b)(4); *e.g.*, *Doe v. Nat'l Hemophilia Found.*, 194 F.R.D. 516, 520 (D. Md. 2000).

"Mere recitation of familiar litany that interrogatory is overly broad, burdensome, oppressive, and irrelevant does not suffice as specific objection." *Miller v. Pruneda* ("*Pruneda*"), 236 F.R.D. 277, 281 (N.D. W. Va. 2004) (quotation omitted). Any objection not raised or not raised with specificity is waived. *Id.*

Cervantes Defendants' requested an order compelling Plaintiffs to respond to Interrogatory Nos. 3-11, 14-17, and 19. (Doc. 177.) Plaintiffs indicated in their response that the parties reached an agreement as to Interrogatory No. 11. (Doc. 179 at 7.) Because the parties reached an agreement as to Interrogatory No. 11, Cervantes Defendants' motion to compel as to that Interrogatory is denied as moot and without prejudice.

Interrogatory No. 3: Interrogatory No. 3 asked each Plaintiff to "[i]dentify the address, city and state, of all addresses where Plaintiff has resided since January 1, 2009 to the present date, and identify the dates when Plaintiff resided at each address, and all persons who resided with the Plaintiff in each location, and for the dates at each address." (Doc. 177-1 at 3.)

Plaintiffs objected that the request is overly broad, unduly burdensome, harassing, and irrelevant. Specifically, Plaintiffs note that as migrant farmworkers, they move around quite frequently and often do not have this information available. Plaintiffs cited *Raddatz v. Standard Register Co.*, 177 F.R.D. 446 (D. Minn. 1997), in their objections, but do not explain how this citation is relevant. As to relevance, Plaintiffs note that this is an employment case, not a housing case, and that Cervantes Defendants offer no argument other than claiming that this interrogatory somehow relates to damages and that "Defendants are entitled to reconcile Plaintiffs' employment history, and where Plaintiffs claim they resided and worked" and to "establish Plaintiffs were routinely unemployed in winter months." (Doc. 177 at 7.)

Assuming, for purposes of this Interrogatory, that employment history is discoverable, I fail to see how more than seven years of housing history relates to the claims or to Cervantes Defendants' articulated purposes. I agree that the request is overly broad. While I also agree that seven years of housing history is not relevant, Plaintiffs housing history for the relevant period— November 2011 through March 2012—and for one year in either direction may be relevant to the claims at issue. Understanding that Plaintiffs are migrant farmworkers and may have difficulty ascertaining every address at which they have resided and the names of individuals with whom they resided, Plaintiffs are reminded that they must state, under oath, if they lack necessary information and are unable to obtain that information, and must explain the efforts made to obtain the information. *Miller*, 76 F.R.D. at 140.

I also agree that the names of minor children who resided in the same locations but for whom the Plaintiffs were not responsible are not relevant. Plaintiffs need not disclose the names of any such minor children.

Within fourteen days of the date of entry of this Order, Plaintiffs will fully respond to this Interrogatory, as limited herein: for the period between November 2010 and March 2013, and not including the names of minor children who resided in the same place as Plaintiffs but for whom Plaintiffs were not responsible. If Plaintiffs are unable to recall where they resided or with whom, they will so state under oath and will explain efforts made to obtain the information.

Interrogatory Nos. 4, 16, 17 and 19: Interrogatory No. 4 asked each Plaintiff to "[i]dentify by name, address, and home and work telephone numbers, every person who Plaintiff may call to testify as a witness at the time of trial, or in support of any pre-trial motion, and for each such individual identified describe the reason you anticipate asking the witness to testify, and what Plaintiff anticipates from the testimony of each person." (Doc. 177-1 at 4.) Interrogatory No. 16

4

directs each Plaintiff to "[i]dentify all witnesses who will testify regarding any agreement to 'additional unwritten contract terms' by [Cervantes Defendants] as alleged in paragraph 51 of Plaintiff's Amended Complaint." (*Id.* at 14.) Interrogatory No. 17 asked each Plaintiff to "[i]dentify all witnesses who will provide testimony to support Plaintiff's allegation that [Cervantes Defendants] agreed with any other party to dissuade workers from accepting jobs as alleged in paragraph 52 of Plaintiff's Amended Complaint." (*Id.* at 15.) Interrogatory No. 19 required each Plaintiff to "[i]dentify all witnesses who will provide testimony to support Plaintiff's allegation that [Cervantes Defendants] agreed with any other person or party to require foreign workers to accept the wage they were paid without a complaint, and as alleged in paragraph 52 of Plaintiff's Amended Complaint." (*Id.* at 16.)

Plaintiffs objected to Interrogatory No. 4 on the grounds that they are not attorneys and are not in a position to make assessments about terms that have specific legal significance, like "testify." (*Id.* at 4) Additionally, Plaintiffs objected to each of these Interrogatories on the grounds that the requests are premature and the information requested is attorney work-product at this stage of the litigation. (*Id.* at 4, 14, 15, 16.)

Cervantes Defendants do not make any argument as to why these objections are not valid. Plaintiffs additionally note the Court ordered that trial witnesses be identified in accordance with the Pretrial Order. (Doc. 179 at 2, 9 (citing Doc. 157-1 at 1).) "Although a [party], according to the weight of authority, is not required to state the names and addresses of witnesses he proposes to introduce at trial, he is required to disclose the names and addresses of persons 'having knowledge of relevant facts.'" *Bell v. Swift & Co.*, 283 F.2d 407, 409 (5th Cir. 1960) (citing 4 MOORE'S FEDERAL PRACTICE § 26.19, p. 1075). I agree with the Plaintiffs that disclosure of witnesses to be called at trial is premature.

Exercising my discretion under Rule 33(a)(2), I temporarily sustain the Plaintiffs' objections. Plaintiffs are required to answer these Interrogatories and disclose witnesses to be called at trial in accordance with the Court's Order dated January 15, 2016 (Doc. 157-1). Cervantes Defendants' motion to compel is granted as to Interrogatory Nos. 4, 16, 17, and 19, subject to the above limitation.

Interrogatory No. 5: Interrogatory No. 5 asked each Plaintiff to:

> Identify by name, address, and telephone number each and every individual known to Plaintiff or Plaintiff's attorneys, who is not identified in the preceding interrogatory, but who may have knowledge or any information regarding the allegations of Plaintiff's Amended Complaint, regardless of whether Plaintiff intends to call the person to testify as a witness, and for each person identified describe the information Plaintiff believes is known by each person responsive to this interrogatory.

(Doc. 177-1 at 5.)

Plaintiffs objected on the basis that they are not attorneys and that the request is overly broad and unduly burdensome. Plaintiffs' citation, in their objections, to *Cale v. Outboard Marine Corp.*, 48 F.R.D. 328, 330 (D. Wis. 1969), for the proposition that non-lawyers are not required to answer interrogatories that seek "information which is at least mixed as to fact and law" is inapposite. First, Rule 33(a)(2) is clear that an interrogatory is not objectionable merely because it asks for an opinion or the application of law to fact. Second, and perhaps more importantly, this Interrogatory does not request legal conclusions.

Plaintiffs then cite *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 404-05 (D. Kan. 1998), for the proposition that the request is overly broad and unduly burdensome, and should be limited to "principal or material facts." (Doc. 177-1 at 5.) Unfortunately for Plaintiffs, their reliance on *Hiskett* is to the detriment of their argument: *Hiskett* goes on to state that "[i]interrogatories which seek underlying facts or the identities of knowledgable persons . . . may

6

possibly survive objections that they are overly broad or unduly burdensome." *Id.* at 405 (quotation omitted). Plaintiffs objections on this point are overruled and they are required to respond to this Interrogatory.

Additionally, the court in *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004), held that a party could not direct the interrogator to find answers from previously produced documents. *See also Zuniga v. Bernalillo Cty.*, 2013 WL 3328692, at *6 (D.N.M. 2013) (unpublished). Therefore, Plaintiffs may not rely on their Initial Disclosures to comply with this Interrogatory.

Cervantes Defendants' motion to compel an answer to Interrogatory No. 5 is granted. Plaintiffs will fully respond to this Interrogatory within fourteen days from the date of entry of this Order.

Interrogatory No. 6: Interrogatory No. 6 directed each Plaintiff to "[s]eparately list and describe each exhibit or other document which Plaintiff may offer as evidence in this lawsuit, and for each listed document identify the date, author, all recipients, and the present custodian of these documents." (Doc. 177-1 at 6.)

Plaintiffs objected on the basis that they are not attorneys and that the request is overly broad and unduly burdensome. Plaintiffs' citation, in their objections, to *Cale* for the proposition that non-lawyers are not required to answer interrogatories that seek "information which is at least mixed as to fact and law" is inapposite. 48 F.R.D. at 330. First, Rule 33(a)(2) is clear that an interrogatory is not objectionable merely because it asks for an opinion or the application of law to fact. Second, and perhaps more importantly, this Interrogatory does not request legal conclusions. The request is not overly broad and unduly burdensome. While I agree with the

Plaintiffs that disclosure of exhibits or documents to be introduced at trial is premature, Plaintiffs are required to respond to this Interrogatory.

Exercising my discretion under Rule 33(a)(2), I temporarily sustain the Plaintiffs' objections. Plaintiffs are required to answer this Interrogatory and disclose exhibits or documents to be introduced at trial in accordance with the Court's Order dated January 15, 2016 (Doc. 157-1). Cervantes Defendants' motion to compel is granted as to Interrogatory No. 6, subject to the above limitation

> Interrogatory No. 7: Interrogatory No. 7 asked each Plaintiff to:
>
> List, itemize and describe all damages Plaintiff claims the right to recover in the present lawsuit, including all special, compensatory, statutory and punitive damages, and any legal fees. Describe all claims by at a minimum providing the date every expense was or will be incurred, the amount of each expense or damage, the person and business to whom each expense was or will be incurred, and describe how the expense was paid, resolved, computed, projected or estimated, and identify all documents and witnesses which support all such claims.

(Doc. 177-1 at 7.)

Plaintiffs objected on the basis that they are not lawyers and cannot give legal conclusions, and on the basis that term "legal fees" is vague. (*Id.*) As with previous Interrogatories, this Interrogatory does not ask for legal conclusions, even if it did, is not objectionable solely on that basis. *See* FED. R. CIV. P. 33(a)(2). Plaintiffs indicate in their response to the motion to compel that they do not claim attorney fees in this case, but do identify costs. (Doc. 179 at 4.) Plaintiffs' objection that "legal fees" is vague is without merit. Again, Plaintiffs may not rely on their Initial Disclosures to comply with this Interrogatory. *DIRECTV, Inc.*, 224 F.R.D. at 680-81.

Cervantes Defendants' motion to compel answers to Interrogatory No. 7 is granted. Within fourteen days from the date of entry of this Order, Plaintiffs will fully respond to this Interrogatory, including an itemization of costs incurred to date and anticipated costs.

> Interrogatory No. 8: Interrogatory No. 8 requested that each Plaintiff describe his or her
>
> employment history between January 1, 2009, and the present date. For the description include at a minimum the identity of each employer by name, address, city, county and state, and telephone number, and identify the dates Plaintiff was employed by each employer, and identify Plaintiff's immediate supervisor or superintendent, and state all salary, wages, housing, transportation, meals, bonuses, hourly rate of pay or other compensation received from each employer.

(Doc. 177-1 at 7-8.)

Plaintiffs objected that they are not attorneys and need not give legal conclusions, that the request covers irrelevant time periods and is overbroad and/or irrelevant. Plaintiffs also cite *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1507 (11th Cir. 1993), for concerns about retaliation from other growers against farm workers who file cases like this one, and that the potential for retaliation outweighs any potential relevance. As with preceding Interrogatories, this Interrogatory does not request legal conclusions and Plaintiffs' objection on that point is overruled. Plaintiffs may be entitled to seek a protective order on the basis of their concerns and *Caro-Galvan*, however, discovery is not governed by Federal Rule of Evidence 403 and the potential for retaliation is not relevant to whether the information is discoverable. This objection, too, is overruled.

As to overbreadth and irrelevance, Cervantes Defendants contend that Plaintiffs were generally unemployed during the winter months and did not forego other employment opportunities as a result of the alleged breach of contract in this case. (Doc. 177 at 7-8.) Therefore, Cervantes Defendants argue that this Interrogatory goes to damages. I agree.

Plaintiffs' objection that this Interrogatory is overly broad or irrelevant is overruled. If Plaintiffs are unable to remember or unable to obtain responsive information, they are reminded that they must state, under oath, that they lack necessary information and are unable to obtain that information, and must explain the efforts made to obtain the information. *Miller*, 76 F.R.D. at 140.

Cervantes Defendants' motion to compel answers to Interrogatory No. 8 is granted. Within fourteen days from the date of entry of this Order, Plaintiffs will fully respond to this Interrogatory.

Interrogatory No. 9: Interrogatory No. 9 asks that where a Plaintiff "claims a loss of any income, wages, compensation, time, economic or employment opportunities, or promotions," that he or she "describe the amount of the economic loss [claimed], and explain Plaintiff's method for computing any claim of such losses or damages, and identify all persons who will testify in support of any lost income, wages, compensation or opportunity." (Doc. 177-1 at 9.)

Plaintiffs objected, again, that they are not attorneys and need not give legal conclusions, this request is premature because they have not yet decided which witnesses will be called at trial, and this information is presently attorney work-product; Plaintiffs again refer to their Initial Disclosures. (*Id.* at 9-10.) As with preceding Interrogatories, this Interrogatory does not request legal conclusions and Plaintiffs' objection on that point is overruled.

To the extent that the Interrogatory requests disclosure of witnesses to testify at trial, I agree with Plaintiffs' that this request is premature. Exercising my discretion under Rule 33(a)(2), I temporarily sustain the Plaintiffs' objections. Plaintiffs are required to answer this Interrogatory and disclose witnesses to be called at trial in accordance with the Court's Order dated January 15, 2016 (Doc. 157-1).

To the extent that Plaintiffs claim this Interrogatory requests attorney work-product material, they are mistaken. Federal Rule of Civil Procedure 26(a)(1)(iii) requires a party to provide "a computation of each category of damages claimed by the disclosing party—who must also make available . . . materials bearing on the nature and extent of injuries suffered" as part of the initial disclosures. Plaintiffs cannot now claim that an updated computation of damages is objectionable. Additionally, Plaintiffs may not rely on their Initial Disclosures to comply with this Interrogatory. *DIRECTV, Inc.*, 224 F.R.D. at 680-81. This objection is overruled.

Cervantes Defendants' motion to compel answers to Interrogatory No. 9 is granted, subject to the limitation herein that witnesses to be called at trial will be disclosed at a later date and in accordance with the Court's Order (Doc. 157-1). Within fourteen days from the date of this Order, Plaintiffs will produce answers responsive to Interrogatory No. 9.

Interrogatory No. 10: Interrogatory No. 10 asked each Plaintiff to:

Identify all sources of Plaintiff's income from January 1, 2009 to the present date, and state whether Plaintiff filed federal and state tax returns for all such income, identify the state or states where all income tax returns were filed, and identify every bookkeeper, accountant or any service, who assisted Plaintiff in filing tax returns or tax documents for this period of time.

(Doc. 177-1 at 10.)

Plaintiffs objected on the basis that they are not attorneys and are not in a position to give legal conclusions, the Interrogatory addresses time periods outside the scope of this litigation and is therefore overly broad and irrelevant, the request as to income tax returns is wholly irrelevant and the returns are private, this discovery would be unduly prejudicial, and compliance with the Interrogatory may lead to retaliation from other potential employers. Plaintiffs additionally object that tax returns are generally not discoverable and should not be discoverable in this case. (*Id.* at 10-11.)

11

As to the portion of the Interrogatory requesting that Plaintiffs identify all sources of income from January 1, 2009, to the present date, I disagree with Plaintiffs that the request is overly broad, irrelevant, or calls for legal conclusions. I overrule Plaintiffs' objections and order Plaintiffs to comply with this portion of the Interrogatory within fourteen days. Understanding that Plaintiffs are migrant farmworkers and may have difficulty ascertaining every source of income for the requisite period, Plaintiffs are reminded that they must state, under oath, if they lack necessary information and are unable to obtain that information, and must explain the efforts made to obtain the information. *Miller*, 76 F.R.D. at 140.

Plaintiffs cite to *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1412 (5th Cir. 1993), to support their objections about state and federal tax returns, any state where tax returns were filed, and the name of any entity or person who assisted with tax returns. The cited page states that "[n]ecessity did not, however, compel a *sua sponte* order to produce [the individual's] personal tax returns." *Id. Natural Gas Pipeline* dealt with sanctions imposed, under the court's inherent authority, against an errant attorney, not discovery requests. *See id.* at 1411. However, the court in *Natural Gas Pipeline* did note that courts are reluctant to order the "routine disclosure [of income tax returns] as a part of discovery." *Id.* (citing *SEC v. Cymaticolor*, 106 F.R.D. 545, 547 (S.D.N.Y. 1985)). Courts ordinarily demand that a party requesting personal income tax returns demonstrate not only relevancy, but also a compelling need for the income tax returns. *Id.*; *Cymaticolor*, 106 F.R.D. at 547; *see also Commodity Futures Trading Comm'n v. Collins*, 997 F.2d 1230, 1233 (7th Cir. 1993) (privacy concerns involved in disclosure of income tax returns, but also concerns related to the effective administration of federal tax laws).

Cervantes Defendants have not articulated a compelling need for the income tax returns. Accordingly, I sustain Plaintiffs' objections on privacy grounds as to the income tax returns, where they were filed, and the identity of any entity or person who helped prepare the income tax returns.

Cervantes Defendants' motion to compel answers to Interrogatory No. 10 is granted-in-part and denied-in-part. To the extent that it is granted, Plaintiffs will provide full and complete answers, as described herein, within fourteen days from the date of entry of this Order.

Interrogatory No. 14: Interrogatory No. 14 asked if each "Plaintiff has ever received or applied for any Social Security benefits, Veteran's Administration benefits, disability benefits, welfare, insurance benefits, worker's compensation, or unemployment compensation." (Doc. 177-1 at 13.) If a Plaintiff has received or applied such benefits or compensation, this Interrogatory asks the Plaintiff to:

> state when and where every such application for benefits was ever made, and identify the name, address and entity or person where each application or claim was submitted, and describe the circumstances supporting the claim or application, list and itemize all payments or benefits received, and the dates of all benefits, describe any injuries or disabilities for which such benefits were received, and state the duration by dates for any disability, illness, or receipt of any benefit."

(*Id.*)

Plaintiffs objected to this Interrogatory because the requested information is irrelevant, the Interrogatory is not limited in time and is therefore overbroad, such inquiry invades their privacy interests, and answering such an Interrogatory would require a protective order. (*Id.* at 14.) Cervantes Defendants counter that the discovery is "in part calculated [to discover] whether Plaintiffs were employable, whether and when Plaintiffs were employed by others, when Plaintiffs claimed to have been unemployed and reasons give." (Doc. 177 at 8.)

Plaintiffs are already providing information about their income and wage history, as previously directed. I agree with Plaintiffs that information related to their receipt of government benefits at any time is not reasonably calculated to the discovery of admissible evidence. I therefore agree with Plaintiffs that this Interrogatory requests information that is irrelevant and accordingly sustain Plaintiffs' objections.

Cervantes Defendants' motion to compel answers to Interrogatory No. 14 is denied.

Interrogatory No. 15: Interrogatory No. 15 asked if Plaintiffs "claim in this lawsuit that [Cervantes Defendants] failed to file any documents required by law, and if the answer is yes, describe the document Plaintiff contends was required to be filed, and the source of law supporting any such requirement." (Doc. 177-1 at 14.)

It is unclear what the parties dispute about this Interrogatory. Plaintiffs answered that "[t]he failure of [Cervantes Defendants] to file specific documents is not an element of any cause of action filed by Plaintiff." (*Id.*) Plaintiffs clarified, in their response to the motion to compel, that "[n]owhere in Plaintiffs' complaint do Plaintiffs claim that CAB failed to file a document required by law." (Doc. 179 at 8.) It seems that both responses address the Interrogatory. The Plaintiffs do not claim that Cervantes Defendants failed to file any documents required by law.

To the extent that Plaintiffs adequately responded to this Interrogatory, Cervantes Defendants' motion to compel is denied.

### REQUESTS FOR PRODUCTION

A party must either produce documents responsive to a request for production ("RFP") or "state with specificity the grounds for objecting to the request, including the reasons" and "state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2). As with interrogatories, general objections to a request for production are insufficient

14

and will be overruled. *See Convertino v. U.S. Dep't of Justice*, 565 F. Supp. 2d 10, 12-13 (D.D.C. 2008).

Cervantes Defendants' requested an order compelling Plaintiffs to respond to RFP Nos. 1-7 and 10-16. (Doc. 177.) Plaintiffs indicated in their response that the parties reached an agreement as to RFP Nos. 1, 2, 4, 5, and 12. (Doc. 179 at 8-9.) Because the parties reached an agreement as to RFP Nos. 1, 2, 4, 5, and 12, Cervantes Defendants' motion to compel as to these RFPs is denied as moot and without prejudice.[1]

RFP No. 3: RFP No. 3 asked each Plaintiff to "[p]roduce all documents, correspondence, contracts, exhibits, models, videos or any demonstrative exhibits which Plaintiff may introduce as evidence, or use for demonstrative purposes, at trial." (Doc. 177-1 at 17.)

Among other things, Plaintiffs object that this Request is premature and any responsive documents are, at this stage of the litigation, attorney work product. (*Id.* at 18.) Cervantes Defendants do not make any argument as to why these objections are not valid. Plaintiffs additionally note the Court ordered that trial witnesses be identified in accordance with the Pretrial Order. (Doc. 179 at 2, 9 (citing Doc. 157-1 at 1).) In their response to the motion to compel, Plaintiffs refer to their argument in Interrogatory No. 4.

In their response to Interrogatory No. 4, Plaintiffs cited *Bell* for the proposition that they are not required to produce a list of trial witnesses in advance of the pretrial order deadlines, even though they were required to disclose a list of persons having knowledge of relevant facts.

---

[1] Plaintiffs stated that they would "supplement their response to state that they have no documents that they understand to be an 'investigative report.'" (Doc. 179 at 9.) Given that RFP No. 4 request all "investigative reports," this response appears to resolve the request. Should this response be insufficient, Cervantes Defendants' motion is being denied without prejudice. Cervantes Defendants could bring a second motion to compel related to RFP No. 4.

Plaintiffs also stated that they would produce documents responsive to RFP No. 5 by May 10, 2016. (*Id.*) It appears that this response is sufficient and resolves the request. Should this response be insufficient, Cervantes Defendants' motion is being denied without prejudice. Cervantes Defendants could bring a second motion to compel related to RFP No. 5.

284 F.2d at 409. Though Plaintiffs failed to expressly state that it stands to reason, under *Bell*, that Plaintiffs would also not be required to disclose a list of trial exhibits or demonstratives in advance of the court-imposed deadlines, the connection is clear.

Federal Rule of Civil Procedure 26(a)(3)(B) states that pretrial disclosures, including identification of exhibits and demonstratives, "must be made at least 30 days before trial," unless otherwise ordered by the court. Indeed, the Court previously issued instructions as to the pretrial deadlines, including that "[e]xhibits shall be marked and indentified prior to trial" and will be exchanged no later than fifteen working days before trial. (Doc. 157-1 at 1.)

Given that Rule 26 does not require pretrial disclosure of exhibits or demonstratives to be used at trial until the time ordered by the court, I temporarily sustain the Plaintiffs' objections. Plaintiffs are required to respond to this RFP and produce all responsive documents to be introduced as evidence or used for demonstrative purposes at trial in accordance with the Court's Order dated January 15, 2016 (*id.*). Cervantes Defendants' motion to compel is granted as to RFP No. 3, subject to the above limitation.

RFP Nos. 6, 7, 10, and 11: RFP No. 6 asked each Plaintiff to "[p]roduce all documents related to any employment offered Plaintiff by WKI, or offered Plaintiff by any other employer, from January 1, 2011 to the present date." (Doc. 177-1 at 19.) RFP No. 7 asked each Plaintiff to produce "[w]ritten employment contract[s] between Plaintiff and WKI, or any other employer, between January 1, 2011 to the present date." (*Id.* at 20.) RFP No. 10 asked each Plaintiff to "[p]roduce all Plaintiff's wage documents, including all pay stubs, wage receipts, withholding reports or statements, tax returns, and any other documents showing all income Plaintiff earned between January 1, 2011, and the present date, and showing the sources of all income including all cash received for employment." (*Id.* at 23.) RFP No. 11 asked each Plaintiff to produce "[a]ll

16

documents related to Plaintiff's past/present employment between January 1, 2011 and the present date, including, without limitation, all personnel files, job applications and evaluations, and physical examination reports." (*Id.*)

Plaintiffs objected to these RFPs to the extent that it requested documents outside the time period at issue in this case—November 2011 through March 2012—as being overly broad and harassing. (*Id.* at 19-23) Cervantes Defendants explained in their motion to compel that this request "is calculated to whether there was any employment contract between Plaintiffs and any employer including WKI, and to any alleged agency authority of WKI for the Cervantes Defendants," as well as to Plaintiffs' duty to mitigate damages. (Doc. 177 at 10, 11.) Cervantes Defendants state that RFP No. 11 aims to "impeach Plaintiffs damages claimed." (*Id.* at 11.)

I have already ordered Plaintiffs to produce employment histories in response to Interrogatory No. 8 and income histories in response to Interrogatory No. 10. I fail to see how requests for "all documents related to any employed offered Plaintiff . . . from January 1, 2011 to the present date," a "written employment contract between Plaintiff and . . . any . . . employer between January 1, 2011 to the present date," all wage and income related documents— including pay stubs—for the same period since January 2011, and all documents related to employment since January 2011—including personnel files, job applications, physical examination reports, and evaluations—are relevant or otherwise calculated to discover admissible evidence. I agree with Plaintiffs that the requests are overly broad. Plaintiffs have already produced responsive documents for the relevant time-period. (Doc. 177-1 at 20-23.) The remainder of Plaintiffs' objections are sustained.

Cervantes Defendants' motion to compel responses to RFP Nos. 6, 7, 10, and 11 is denied.

RFP No. 13: RFP No. 13 asked each Plaintiff to "[p]roduce true and accurate copies of each and every page of Plaintiff's United States and State income tax returns for tax years 2011 through 2015, including all attachments and schedules, and all W-2s, 1099s, pay stubs or wage and income records for these tax years." (Doc. 177-1 at 25.)

Plaintiffs objected to this RFP on the basis that the request is overbroad and irrelevant, and that tax returns are generally not discoverable. (*Id.*) I previously addressed the discoverability of income tax returns, *supra*, with regard to Interrogatory No. 10. Cervantes Defendants again failed to articulate a compelling need for the tax returns. For the same reasons discussed above, I sustain Plaintiffs' objections to this RFP.

Cervantes Defendants' motion to compel responses to RFP No. 13 is denied.

RFP Nos. 14, 15, and 16: RFP No. 14 asked each Plaintiff to "[p]roduce a signed copy of the employment records release using the form attached to this request, and allowing for the discovery of records and documents from any present or past employer of the Plaintiff between January 1, 2009 and the present date." (Doc. 177-1 at 26.) RFP No. 15 asked each Plaintiff to "[p]roduce the signed authorization using the form attached and to obtain Plaintiff's Social Security Administration wage history." (*Id.* at 27.) RFP No. 16 asked each Plaintiff to "[p]roduce the signed authorization using the form attached and authorizing Defendants to obtain Plaintiff's tax returns from the Internal Revenue Service." (*Id.* at 27.)

I previously determined that, with the exception of the time period between November 2011 and March 2012, Plaintiffs' employment records are not discoverable, though Plaintiffs are required to produce employment histories. Accordingly, Cervantes Defendants' motion to compel responses to RFP No. 14 is denied. I also determined that Plaintiffs tax returns were not

discoverable. Therefore, Cervantes Defendants' motion to compel responses to RFP No. 16 is denied.

As to RFP No. 15, Plaintiffs' objections are somewhat confusing. Plaintiffs talk about interrogatories and medical records, which are entirely inapposite to the RFP in question. (*See id.* at 27.) While Plaintiffs' concerns about privacy are well-taken, Plaintiffs failed to make specific objections to this request. Accordingly, Plaintiffs' objections are overruled. The parties will work together to craft an appropriate protective order to cover personally identifiable and sensitive information, including, but not limited to, Plaintiffs' social security numbers. If the parties are unable to agree on an appropriate protective order within seven days from the date of entry of this Order, they will jointly contact the Court.

Cervantes Defendants' motion to compel responses to RFP No. 15 is granted, subject to the limitations discussed herein. Plaintiffs will provide complete responses to RFP No. 15 within seven days from the date of entry of a protective order.

## REQUESTS FOR ADMISSION

A party must either admit a matter included in a request for admission ("RFA") or "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." FED. R. CIV. P. 36(a)(4). An answering party may "assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* A party may not object solely "on the ground that the request presents a genuine issue for trial." FED. R. CIV. P. 36(a)(5).

Cervantes Defendants' requested an order compelling Plaintiffs to respond to RFA Nos. 1-4, 6, 7, 9-11, 13, 14, and 17-21. (Doc. 177.) Plaintiffs indicated in their response that the parties reached an agreement as to RFA Nos. 7, 13, 17, and 18. (Doc. 179 at 10-11.) Because the parties reached an agreement as to RFA Nos. 7, 13, 17, and 18, Cervantes Defendants' motion to compel as to these RFAs is denied as moot and without prejudice.

<u>RFA Nos. 1, 2, 3, 4, 6, 14, 19, 20, and 21</u>: RFA No. 1 asked each Plaintiff to "[a]dmit that Plaintiff has never had any communication with [Cervantes Defendants] regarding an employment offer." (Doc. 177-1 at 28.) RFA No. 2 asked each Plaintiff to "[a]dmit that the only written employment contract, signed by the Plaintiff and supporting Plaintiff's Amended Complaint, was with WKI Solutions." (*Id.*) RFA No. 3 asked each Plaintiff to "[a]dmit Plaintiff was never a party to any written employment contract with [Cervantes Defendants]." (*Id.*) RFA No. 4 asked each Plaintiff to "[a]dmit Plaintiff never made an oral employment contract with [Cervantes Defendants]." (*Id.*) RFA No. 6 asked each Plaintiff to "[a]dmit that before bringing this lawsuit Plaintiff never before corresponded or communicated with Dino Cervantes or any other owner or manager of [Cervantes Defendants]." (*Id.*) RFA No. 14 asked each Plaintiff to "[a]dmit that [Cervantes Defendants never] directed Plaintiff to relocate for any employment by WKI." (*Id.* at 30.) RFA No. 19 asked each Plaintiff to "[a]dmit that [Cervantes Defendants never] agreed to provide Plaintiff with free housing, transportation, meals, or costs of meals." (*Id.*) RFA No. 20 asked each Plaintiff to "[a]dmit that Cervantes Agribusiness never agreed to offer Plaintiff a specified number of working hours per week between November 10, 2011, and March 9, 2012." (*Id.* at 31.) RFA No. 21 asked each Plaintiff to "[a]dmit that Cervantes

Enterprises, Inc. never agreed to offer Plaintiff a specified number of working hours per week between November 10, 2011, and March 9, 2012." (*Id.*)

As to each RFA, each Plaintiff responded to each RFA in the exact same manner: "Admitted only to the extent that Plaintiff's communications were exclusively with WKI employees concerning Cervantes as alleged in Plaintiff's complaint and shown in the exhibits attached to Plaintiff's complaint, and Plaintiff did not communicate with Cervantes directly. Otherwise denied." (*Id.* at 28-31.) Cervantes Defendants contend that these responses are "incomprehensible and ambiguous" because Plaintiffs "admit to an alternative statement, which has no correlation with the admission requested," rendering the answers evasive and non-responsive. (Doc. 177 at 12.)

I disagree with Cervantes Defendants. Rule 36(a)(4) requires a party to qualify an answer when necessary. Here, Plaintiffs admitted that they had no direct contact with Cervantes Defendants, but clarified that they had contact with WKI about Cervantes Defendants. Plaintiffs adequately responded to the RFAs and appropriately qualified their admissions under Rule 36.

Cervantes Defendants' motion to compel admissions to RFA Nos. 1, 2, 3, 4, 6, 14, 19, 20, and 21 is denied.

RFA No. 9: RFA No. 9 asked each Plaintiff to "[a]dmit that [Cervantes Defendants] did not fail to file any document required by law." (Doc. 177-1 at 29.)

Plaintiffs objected that the admission calls for a legal conclusion, is outside Plaintiffs' knowledge, and cannot be answered because the request is not limited in time or scope. (*Id.*) Cervantes Defendants argue that Rule 36 allows RFAs that call for admissions of facts, the application of law to facts, or opinions about either. (Doc. 177 at 12.) In their response, Plaintiffs simply state that they cannot answer such an unlimited request. (Doc. 179 at 10.)

While Plaintiffs' objection is well-taken, Rule 36(a)(4) requires Plaintiffs to state whether they have made a reasonable inquiry into the matter and whether the information they know or can readily obtain is sufficient to enable an admission or denial. I agree with Cervantes Defendants that the response to this RFA is insufficient.

Cervantes Defendants' motion to compel responses to RFA No. 9 is granted. Plaintiffs will supplement their responses within fourteen days from the date of entry of this Order.

RFA No. 10: RFA No. 10 asked each Plaintiff to "[a]dmit that [Cervantes Defendants] are not H2A employers as defined by law." (Doc. 177-1 at 29.)

Plaintiffs objected that the admission calls for a legal conclusion, is outside their knowledge, and cannot be answered because the request is not limited in time or scope. (*Id.*) Plaintiffs' objection is not well-founded. Rule 36 is quite clear that an RFA may request application an admission based on the application of the law to the facts. Plaintiffs' contention that they are unaware which law is at issue is, at best, misleading. Plaintiffs and their counsel are well aware of the laws used to classify an H2A employer. Plaintiffs' objection is overruled.

Cervantes Defendants' motion to compel responses to RFA No. 10 is granted. Plaintiffs will admit or deny the RFA within fourteen days from the date of entry of this Order.

RFA No. 11: RFA No. 11 asked each Plaintiff to "[a]dmit that [Cervantes Defendants never] submitted any application to qualify as an H2A employer." (Doc. 177-1 at 29.)

In their response to the motion to compel, Plaintiffs stipulated that they only know of one H2A application mentioning Cervantes Defendants, and that they have no evidence of any other H2A application mentioning Cervantes Defendants. (Doc. 179 at 11.) I find this answer appropriately responsive to RFA No. 11.

Because Plaintiffs have now responded to RFA No. 11, Cervantes Defendants' motion to compel responses to this RFA is denied as moot.

## CONCLUSION

As explained above, I sustain some of the Plaintiffs' objections in their entirety, sustain other objections temporarily, and overrule still other objections. Plaintiffs will submit responsive answers or documents to the outstanding discovery requests as described herein. Failure to comply with this Order in the allotted time may have serious consequences, up to and including dismissal of Plaintiffs' claims, sanctions, and/or adverse inferences.

Cervantes Defendants' motion to compel is granted-in-part and denied-in-part.

It is so ordered.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.