IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTEBAN ALFARO-HUITORN,
ELEAZAR GARCIA-MATA,
JOSE ANTONIO GARCIA-MATA,
JUAN GUZMAN, JOSE GERARDO JASSO,
RAUL JASSO-CERDA, ISMAEL MARTINEZ
GONZALEZ, ENRIQUE ROJAS-TORRES,
LAZARO ROJAS-TORRES,
TRINIDAD SANTOYO-GARCIA
PEDRO TAMEZ, ANGELA TREJO,
EFRAIN TREJO, SANTOS TREJO,
and YANETH TREJO,

                                                                               No. 2:15-210 JCH/WPL

    Plaintiffs,

v.

WKI OUTSOURCING SOLUTIONS, LLC,
JAIME CAMPOS, CERVANTES AGRIBUSINESS,
CERVANTES ENTERPRISES, INC.,
RJF FARMS, INC., RONNIE J. FRANZOY,
TIERRA DE DIOS FARMS, LLC,
LACK FARMS, INC. and SKYLINE PRODUCE, LLC

    Defendants.

**MOTION FOR SUMMARY JUDGMENT BY**
**<u>DEFENDANT CERVANTES AGRIBUSINESS</u>**

      COMES NOW Defendant Cervantes Agribusiness, pursuant to Rule 56, and moves for

summary judgment on the following grounds:

### I.    <u>INTRODUCTION</u>

      Defendant Cervantes Agribusiness is entitled to summary judgment as to all claims, and

as to all Plaintiffs.  Plaintiffs contend that all 9 named Defendants breached employments

contracts to hire Plaintiffs in 2011 and 2012. Plaintiffs claim they were recruited and hired by Defendant WKI in late November of 2011, and to perform seasonal farm work in the fields of Dona Ana County, NM. Plaintiffs contend that WKI's promise of employment was not fulfilled, and that in addition to WKI all other Defendants are liable to Plaintiffs for expectancy damages.

The incontrovertible facts, however, are that Defendant Cervantes Agribusiness never hired Plaintiffs, and never made any employment contract with them. Cervantes Agribusiness had no communications with Plaintiffs whatsoever, and never authorized WKI or anyone as its agent to do so.

For their First Cause, Plaintiffs allege Cervantes Agribusiness knowingly made false and misleading representations to Plaintiffs, contrary to the federal Agricultural Worker Protection Act. It is incontrovertible that Cervantes Agribusiness never had any communication with any of the Plaintiffs, and never made any representations to Plaintiffs - much less any false and misleading representations. Moreover, there is no evidence Cervantes Agribusiness authorized WKI, as an agent of Cervantes Agribusiness, to make any representations to Plaintiffs.

For their Second Cause, Plaintiffs allege that Cervantes Agribusiness participated in an unlawful civil conspiracy, with all the other named Defendants, in order to evade requirements of the federal H2A program, and secure temporary visas to foreign Mexican labor. Yet Plaintiffs have no evidence of any communication between Cervantes Agribusiness with any other party regarding any effort or intent to avoid federal law and the H2A program requirements. This claim is without any supporting evidence whatsoever.

For their Third Cause, Plaintiffs contend breach of contract. It is incontrovertible that Cervantes Agribusiness never made a written contract to employ the Plaintiffs, and had no direct communication with Plaintiffs of any kind. Instead Plaintiffs contend that WKI was an agent of all "Grower-Defendants", and that WKI hired Plaintiffs in the capacity of an agent for all Growers. Yet there is no evidence Defendant Cervantes Agribusiness authorized WKI to act as its agent. There is no evidence that Cervantes Agribusiness participated, authorized or ratified any contract made by WKI with Plaintiffs. Plaintiffs have all conceded that WKI never represented itself as an agent of Cervantes Agribusiness Plaintiffs have uniformly testified they never heard of Cervantes Agribusiness, and know nothing about its business.

Plaintiffs also claim they are entitled to damages as third-party beneficiaries of contracts between WKI and all "Grower Defendants", including Cervantes Agribusiness. Plaintiffs' Amended Complaint identifies several Exhibits, which Plaintiffs contend represent a contract between WKI and Cervantes Agribusiness. (Doc. 103-2 and 103-5). Plaintiffs' third-party beneficiary claim against Cervantes Agribusiness fails because: (1) the document at issue is not an enforceable contract between WKI and Cervantes Agribusiness; (2) there is no evidence of any intent by WKI and Cervantes Agribusiness that Plaintiffs would be third-party beneficiaries; (3) there is no evidence of any breach by Cervantes Agribusiness; (4) there is no evidence of any contract performance tendered by WKI or Plaintiffs; and (5) even if Plaintiffs were third-party beneficiaries of a contract breached by Cervantes Agribusiness, they are entitled only to those contract remedies available to WKI, and there are none.

Finally for their Fourth Cause Plaintiffs allege that Cervantes Agribusiness is liable for fraud based on alleged misrepresentations by WKI in its federal application as a prospective

H2A employer. Plaintiffs have no evidence that Cervantes Agribusiness assisted, reviewed, authorized, approved or ratified WKI's H2A application submittal, or that Cervantes Agribusiness ever had any knowledge about that application or the contents.

## II.     INCONTROVERTIBLE AND MATERIAL FACTS

1.     Defendant Cervantes Agribusiness own farmland, grows and harvests crops, and employs farm labor contractors, who in turn to supply seasonal farm workers. [Aff. of D. Cervantes Exh. 3, ¶ 5].

2.     Dino Cervantes is the general manager for Defendant Cervantes Agribusiness, and was its general manager in 2011. [Aff. of D. Cervantes Exh. 3, ¶ 4].

3.     On September 10, 2011, Mr. Cervantes agreed to meet Jaime Campos at the request of Mr. Campos. [Aff. of D. Cervantes Exh. 3, ¶ 8].

4.     The September 10, 2011, meeting of Mr. Cervantes and Mr. Campos took place at the farm office of Mr. Cervantes. At this meeting Mr. Campos explained he was attempting to establish a new business, WKI Outsourcing Solutions LLC. [Aff. of D. Cervantes Exh. 3, ¶ 6, 7].

5.     At the September 10 meeting, Mr. Campos explained to Mr. Cervantes that WKI would operate as a farm labor contractor, and that WKI would employ seasonal farm workers. WKI would provide its employees to Dona Ana County farmers for seasonal field work. [Aff. of D. Cervantes Exh. 3, ¶ 7].

6.     At their meeting on September 10, Mr. Campos asked that Mr. Cervantes sign a one page form document, which stated that that WKI would employ 15 skilled farm workers, and provide these workers between November 10, 2011, and March 9, 2012. [Aff. of D. Cervantes Exh. 3, ¶ 15; also Exh.1 dated Sept. 10, 2011].

7. Mr. Cervantes signed this Sept. 10 document in his capacity as manager for Cervantes Agribusiness. The document identifies only Cervantes Agribusiness. There is no reference in the document to Defendant Cervantes Ent. Inc. [Aff. of D. Cervantes Exh. 3, ¶ 12; also Exh.1 dated Sept. 10, 2011].

8. Cervantes Agribusiness and Mr. Cervantes never communicated with any of the Plaintiffs. [Aff. of D. Cervantes Exh. 3, ¶ __].

9. Cervantes Agribusiness and Mr. Cervantes never authorized WKI to act as an agent on behalf of Cervantes Agribusiness. [Aff. of D. Cervantes Exh. 3, ¶¶ 27, 28].

10. Cervantes Agribusiness and Mr. Cervantes never authorized WKI to act as an agent of Cervantes Agribusiness with any other person or governmental agency. [Aff. of D. Cervantes Exh. 3, ¶¶ 27, 28].

11. Cervantes Agribusiness was never informed that WKI ever represented itself as an agent of Cervantes Agribusiness to Plaintiffs, or to any other person or governmental agency. [Aff. of D. Cervantes Exh. 3, ¶ 30].

12. Cervantes Agribusiness never participated in preparing any documents from WKI to the U.S. Department of Labor, or related to WKI's application for authorization as an H2A employer. [Aff. of D. Cervantes Exh. 3, ¶¶ 24, 25].

13. Cervantes Agribusiness was never provided any documents from WKI or the U.S. Department of Labor related to WKI's application for authorization as an H2A employer. [Aff. of D. Cervantes Exh. 3, ¶ 25].

14. Cervantes Agribusiness was never asked by any of the Plaintiffs to perform any employment contract, or to employ Plaintiffs. [Aff. of D. Cervantes Exh. A, par.     ].

15. Cervantes Agribusiness never communicated with any of the "2011-Grower Defendants", joined in this case, regarding the hiring of H2A seasonal farmworkers in 2011 or 2012. [Aff. of D. Cervantes, Exh. 3, ¶ 35].

16. Cervantes Agribusiness never communicated with any of the "2011-Grower Defendants", joined in this case, regarding WKI. [Aff. of D. Cervantes, Exh. 3, ¶ 34].

17. Cervantes Agribusiness never communicated with any person or entity with the intent to evade any federal law regarding WKI's efforts to employ H2A seasonal farmworkers. [Aff. of D. Cervantes, Exh. 3, ¶ 36].

18. After the one meeting on September 10, 2011, Mr. Cervantes and Cervantes Agribusiness never heard again from Mr. Campos or WKI until this lawsuit was filed. [Aff. of D. Cervantes Exh. 3, ¶ 33].

19. After hearing nothing more from WKI and Mr. Campos after September 10, 2011, Cervantes Agribusiness contracted with another farm labor contractor, who supplied seasonal farm workers in 2011 or 2012. [Aff. of D. Cervantes Exh. 3, ¶ 32].

### III.   ARGUMENT

*1.   Cervantes Agribusiness never made a contract with any of the Plaintiffs.*

Plaintiffs allege Cervantes Agribusiness breached alleged employment contracts, but it is incontrovertible Cervantes Agribusiness never signed any document which would constitute a contract with Plaintiffs. It is also incontrovertible that there was never any communication by Cervantes Agribusiness with any of the Plaintiffs. At their depositions Plaintiffs uniformly testified they had no idea who Cervantes Agribusiness is, where it is located, or what business it is in. All Plaintiffs conceded that they were never told they would be employed Cervantes

Agribusiness. [Plaintiffs' Depositions; Exhs.4, 5, 6, 7, 8, 9, 10, 11 and 12]. Plaintiffs consistently testified they had never even heard the name Cervantes Agribusiness. [*Id*.]

Under New Mexico law defendants who are not parties to a contract cannot be held liable for its breach. *Applied Capital, Inc. v. Gibson*, 558 F.Supp.2d 1189 (D.N.M. 2007). A legally enforceable contract requires evidence supporting the existence of an offer, and acceptance, consideration and mutual assent. *Chavez v. New Mexico,* 397 F.3d 826 (10th Cir. 2005); *Parrish v. Valero Retail Holdings*, 727 F.Supp.2d 1266. Absent evidence of a bargained for exchange between the parties, an agreement lacks consideration and is unenforceable under New Mexico law. *Id.* A valid contract must possess mutuality of obligation, and mutuality means both sides must provide consideration. *Heuser v. Kephart,* 215 F.3d 1186 (10th Cir. 2000).

Plaintiffs have no evidence of any employment offer made to them by Cervantes Agribusiness. Plaintiffs have no evidence any employment offer made to them by WKI, acting in the capacity of an authorized or apparent agent for Cervantes Agribusiness. There is no evidence Plaintiffs accepted any offer made by or on behalf of Cervantes Agribusiness. There is no evidence there was ever an exchange of any consideration for any contract formed between Cervantes Agribusiness and Plaintiffs.

The document signed by Dino Cervantes for Cervantes Agribusiness, on September 10, 2011, does not represent an enforceable contract. In New Mexico a legally enforceable contract requires evidence supporting the existence of an offer, and acceptance, consideration and mutual assent. *Chavez v. New Mexico,* 397 F.3d 826 (10th Cir. 2005); *Parrish v. Valero Retail Holdings*, 727 F.Supp.2d 1266. Absent evidence of a bargained for exchange between the parties, an agreement lacks consideration and is unenforceable under New Mexico law. *Id.* A valid

contract must possess mutuality of obligation, and mutuality means both sides must provide consideration. *Heuser v. Kephart,* 215 F.3d 1186 (10th Cir. 2000).

The September 10 document signed by Dino Cervantes does not contain the requirements of a contract. There is no language which constitutes an offer, or an acceptance. There was no agreement for or exchange of the consideration required for an enforceable contract between WKI and Cervantes Agribusiness. There is no performance required of Cervantes Agribusiness by this document.

Instead the document signed by Dino Cervantes on September 10 was only a gratuitous expression of an intention by Cervantes Agribusiness to hire WKI, on the condition that WKI could provide seasonal farm laborers to assist Cervantes Agribusiness with the chile harvest, between the specified dates. Gratuitous statements of intention, even when concurred in by the receiving party, are not sufficient to create a legal contract. *Board of Education, Gadsden Independent School District No. 16 v. James Hamilton Construction Co.*, 1994-NMCA-168, 119 N.M. 415, certiorari denied 119 N.M. 354. Moreover, a contract which leaves it entirely optional with one of the parties to perform is not founded on mutual promises and is thus not valid. *Id.*; *Guest v. Allstate Ins. Co.*, 2009-NMCA-037, 145 N.M. 797, 205 P.3d 844, citations omitted (where a contract leaves it entirely optional for one of the parties to perform, the contract is not founded on mutual promises and is generally not binding or enforceable). An agreement which is subject to unilateral modification or revocation is illusory and unenforceable. *Salazar v. Citadel Communications Corp.*, 2004-NMSC-013, 135 N.M. 447, 90 P.3d 466; *Guest v. Allstate Ins. Co.*, 2009-NMCA-037, 145 N.M. 797, 205 P.3d 844, citations omitted; *Talbott v. Roswell Hosp. Corp.,* 2005-NMCA-109, 138 N.M. 189, 118 P.3d 194 (when a promise puts no

constraints on what a party may do in the future, in other words when a promise in reality promises nothing, it is illusory and it is not consideration).

Notably this document does not contain terms which would be necessary for an enforceable contract.  The document does not specify any terms regarding compensation, wage rates or the consideration to be paid WKI upon performance.  The document does not obligate Cervantes Agribusiness to perform in any way.   Although a written contract need not detail every term, the essential terms must be expressly provided or necessarily implied by construction for a court to find a contract unambiguous on its face. *McNeill v. Rice Engineering and Operating Inc*., 2003-NMCA-078, 133 N.M. 804, 70 P.3d 794, citations omitted.  Cervantes Agribusiness never agreed on essential and material terms for an enforceable contract with WKI. The document Plaintiffs assert was a contract between WKI and Cervantes Agribusiness did not obligate Cervantes Agribusiness to perform in any way.

2. *Cervantes Agribusiness never authorized Defendant WKI as an agent to make any employment contracts or any representations on behalf of Cervantes Agribusiness.*

Because Plaintiffs have no evidence they ever communicated with Cervantes Agribusiness, they instead contend that their contracts were made with WKI, and that WKI was acting an agent for all "2011-Grower Defendants".  (Doc 103 at 27).  Plaintiffs also contend that the contracts WKI allegedly made, as an agent for the four 2011 Growers, are documented by Exh. 6 to Plaintiffs' First Amended Complaint. (Doc. 103-6).

This Exh. 6 to Plaintiffs' Amended Complaint is a federal Clearance Order ETA Form 790 issued by the Dept. of Labor.  [*Id.*].   Nothing in that Exh. 6 contains terms of any contract made by or on behalf of Cervantes Agribusiness.

Even if WKI's H2A application, and the resulting federal Clearance Order issued by the Dept. of Labor, could be somehow interpreted as a contract between WKI and Plaintiffs, there is no evidence Cervantes Agribusiness had anything to do with either that H2A application or the DOL Clearance Order.  Cervantes Agribusiness never saw this document, and had nothing whatsoever to do with its preparation or submittal.

There is no evidence Cervantes Agribusiness authorized WKI to act as an agent of Cervantes Agribusiness in submitting WKI's H2A application.  Throughout their Amended Complaint Plaintiffs attempt to establish vicarious liability of all named Defendants for the actions and conduct of WKI.  To that end Plaintiffs contend WKI acted as an agent of the Grower Defendants, including allegedly Cervantes Agribusiness, and that WKI was authorized to make employment contracts with Plaintiffs according to that agency status.

An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts some other business, manages some affair or does some service for the principal, with or without compensation. *Corona v. Corona*, 2014-NMCA-071, 329 P.3d 701.  An agent is one authorized by another to act on his behalf and under his control. *Hydro Resources Corp. Gray*, 2007-NMSC-061, 143 N.M. 142, 173 P.3d 749.  The "actual authority" of an agent is determined in light of the principal's manifestations of consent to the agent. *Romero v. Mervyn's,* 109 N.M. 249, 784 P.2d 992 (1989).

The "apparent authority" of an agent arises from the principal's manifestations to third parties. *Id*.  "Apparent authority" is created when a principal represents to a third-party that another is his agent, and the third-party then believes in the agent's authority. *Celaya v. Hall,* 2004-NMSC-005, 135 N.M. 115, 85 P.3d 239.  "Apparent authority" is that authority which a

principal holds his agent out as possessing or permits him to exercise or to represent himself as possessing, under such circumstances as to estop the principal from denying its existence. *Tabet v. Campbell*, 101 N.M. 334, 681 P.2d 1111 (1984).

Under New Mexico law, a duty flowing from actual or apparent agency arises with the existence of some degree of control by the principal over the conduct and activities of the agent, and the degree of control giving rise to liability depends on the particular facts of each case. *Estate of Anderson v. Denny's Inc*., 987 F. Supp.2d 1113 (D.N.M. 2013). Whether or not the parties have agreed they are or are not in an agency relationship does not end the inquiry for a third-party's tort claim against the parties; rather under New Mexico law, courts look at the case's facts to determine the amount of control one party has over the other. *Id*. The duty of the principal, flowing from either actual or apparent authority of an agent, arises with the existence of some degree of control by the principal over the conduct and activities of the agent. *Ciup v. Chevron, U.S.A. Inc*., 1996-NMSC-062, 122 N.M. 537, 928 P.2d 263.

Here there is no evidence that Cervantes Agribusiness exercised any control whatsoever concerning the conduct of WKI or its business. There is no evidence Cervantes Agribusiness authorized WKI to act as an agent for any purpose. Cervantes Agribusiness never made any representation which would cause Plaintiffs to conclude WKI was an agent of Cervantes Agribusiness. There is no evidence that Cervantes Agribusiness held WKI out, to Plaintiffs or to any others, as its agent. There is no evidence WKI represented itself to Plaintiffs, or anyone else, as an agent for Cervantes Agribusiness. There is no evidence of any representations ever made to Plaintiffs, that WKI enjoyed apparent authority to act on behalf of Cervantes Agribusiness.

There is also no evidence that Cervantes Agribusiness ever authorized, ratified or participated in the actions of WKI with regard to the Plaintiffs. There is no evidence Plaintiffs had any basis to believe WKI was acting as an agent of Cervantes Agribusiness when Plaintiffs claim they were hired.  There is no evidence that Plaintiffs ever relied upon any such alleged agency relationship between WKI and Cervantes Agribusiness.  Plaintiffs have uniformly testified they never heard of Cervantes Agribusiness in any of their dealings with WKI. [Plaintiffs' Depositions, Exhs. 4, 5, 6, 7, 8, 9, 10, 11, and 12].

Because there was no agency relationship between Cervantes Agribusiness and WKI, Plaintiffs cannot rely on agency to hold Cervantes Agribusiness vicariously liable for any actions or conduct of WKI.

    3.    *Plaintiffs were not third-party beneficiaries of any contract between Cervantes Agribusiness and WKI.*

To support their contract claims, Plaintiffs also assert they were third-party beneficiaries of an alleged contract between WKI and Cervantes Agribusiness.  (Doc. 103 at 27).  Ordinarily under New Mexico law, the obligations arising out of the contract are due only to those with whom it was made; a contract cannot be enforced by a person who is not a party or in privity to it. *Doña Ana Mutual Domestic Water Consumers Association v. City of Las Cruces, N.M.*, 516 F.3d 900 (10th Cir. 2008)(where neither the agreement nor extrinsic evidence indicated intent to benefit third-party); *Great American Ins. Co. of New York v. Western States Fire Protection Co.*, 730 F.Supp.2d 1308 (D.N.M. 2009)(general rule one not a party to a contract cannot maintain suit on it).  The prime requisite to third-party beneficiary status is that the parties to the contract must have intended to benefit third-party, who must be something more than a mere incidental beneficiary. *Doña Ana Mutual Domestic Water Consumers Association v. City of Las Cruces,*

*N.M.*, 516 F.3d 900 (10th Cir. 2008).   The burden of proof is on a party claiming third-party beneficiary status to show the party was an intended third-party beneficiary of the agreement. *Reyna Financial Corp. v. Art Janpol Volkswagen, Inc.*, 1990-NMSC-097, 110 N.M. 796, 800 P.2d 731; *Vigil v. State Auditor's Office*, 2005-NMCA-096, 138 N.M. 63, 116 P.3d 854 (party claiming third-party beneficiary status has burden to show parties intended to benefit him).

As previously explained there was no enforceable contract between WKI and Cervantes Agribusiness, but even if there was, Plaintiffs have no evidence WKI and Cervantes Agribusiness intended Plaintiffs to be third-party beneficiaries of any such contract.  Without evidence of that intent, Plaintiffs cannot establish they were third-party beneficiaries.

Even if Plaintiffs had evidence of an intent, by both WKI and Cervantes Agribusiness, that Plaintiffs would be third-party beneficiaries of a contract between WKI and Cervantes Agribusiness, there is no evidence Cervantes Agribusiness breached any such contract.  After his September 10 meeting with Dino Cervantes, there was no further communication with Cervantes Agribusiness by Mr. Campos or WKI.  WKI never tendered performance of the alleged contract, and never provided skilled farm workers for Cervantes Agribusiness.  This reinforces again that neither WKI nor Cervantes Agribusiness thought there was a contract in place between these parties.

Plaintiffs' contract rights against Cervantes Agribusiness would be only those available to WKI.  Third-party beneficiaries generally have no greater rights in a contract than does the promisee.  *Callahan v. New Mexico Federation of Teachers-TVI, Albuquerque TVI AFT, NMFT*, 2006-NMSC-010, 131 P.3d 51, 139 N.M. 201.  At best Plaintiffs would therefore stand in the shoes of WKI in relation to Cervantes Agribusiness.  Because there was no breach by Cervantes

Agribusiness, WKI would have no basis to seek any remedies against Cervantes Agribusiness. Thus even if Plaintiffs were third-party beneficiaries of a contract between WKI and Cervantes Agribusiness, Plaintiffs would have no basis for remedies against Cervantes Agribusiness absent a breach by Cervantes Agribusiness.

As a matter of law, Plaintiffs' have no contract claim against Cervantes Agribusiness based on their status as third-party beneficiaries of any contract between WKI and Cervantes Agribusiness. There is no evidence to support Plaintiffs' third-party beneficiary status, but even if there was, there is no contractual right for Plaintiffs to enforce against Cervantes Agribusiness.

    4.    *Cervantes Agribusiness did not make any false and misleading representations to Plaintiffs and therefore there was no violation of the Agriculture Workers Protection Act, and no fraud.*

For their First and Fourth Causes, Plaintiffs allege violations of the Agriculture Worker Protection Act, and also claim damages for fraud. For both these two causes, Plaintiffs claim Cervantes Agribusiness knowingly and intentionally made false and misleading representations to Plaintiffs. (Doc. 103 at 24, 29)]. There is no evidence to support these allegations.

Cervantes Agribusiness never communicated with any of the Plaintiffs, and therefore there could be no false or misleading representations made directly to Plaintiffs. Plaintiffs will instead argue that WKI made false and misleading representations, and that Cervantes Agribusiness should answer for that conduct in some vicarious capacity. Plaintiffs' Amended Complaint contends that WKI made the allegedly false and misleading representations in statements to Plaintiffs by Mr. Campos, and in the documents WKI filed to support its H2A application to the Dept. of Labor.

The prior agency analysis applies again here.  Because it had no agency relationship with WKI, Cervantes Agribusiness is not liable for any allegedly false or misleading representations of WKI.  In the absence of participation, authorization or ratification, a principal is not liable for the actions of the agent.  See, *Stewart v. Potter*, 44 N.M. 460, 104 P.2d 736 (1940). There is no evidence Cervantes Agribusiness participated in, authorized or ratified any false and misleading representations allegedly made by WKI to Plaintiffs.  Plaintiffs have no evidence that Cervantes Agribusiness knew of and then ratified any allegedly false or misleading representations made by WKI to Plaintiffs.

Plaintiffs allege that all 2011-Defendants violated the AWPA, but this allegation requires evidence of "knowingly providing false and misleading information." See, §29 U.S.C. 1821(f). Cervantes Agribusiness had no communication with Plaintiffs, and so did not directly provide any false or misleading information.  In response to Plaintiffs' predictable agency argument, they have no evidence that Cervantes Agribusiness *knowingly* authorized or ratified any false and misleading representations made by WKI as an agent of Cervantes Agribusiness.

Plaintiffs also claim all 2011 Defendants violated the AWPA by allowing others to recruit without a farm labor contractor registration certificate, and in violation of §29 U.S.C. 1811.  Yet Plaintiffs have no evidence Cervantes Agribusiness participated in, authorized or ratified any such recruitment.

Plaintiffs also allege all 2011 Defendants violated the rights of Plaintiff Enrique Rojas-Torres, by a failure to disclose terms and conditions of employment in Spanish.  There is no evidence Cervantes Agribusiness participated in, authorized or ratified WKI's recruitment of Mr. Torres.

Similarly, Plaintiffs' Fourth Cause, seeking damages for fraud, is unsupported by any evidence. Under New Mexico law the elements of fraud are: (1) a misrepresentation of fact; (2) either knowledge of the falsity of the representation, or recklessness on the part of the party making the misrepresentation; (3) an intent to deceive and to induce reliance on the misrepresentation; and (4) detrimental reliance based upon the misrepresentation. *Carl Kelly Const. LLC. Danco Technologies*, 656 P.Supp.2d 1323 (D.N.M. 2009). Plaintiffs must prove each of these elements by the higher standard of clear and convincing evidence. *Applied Capital Inc. v. Gibson*, 558 F.Supp.2d 1189 (D.N.M. 2007).

Plaintiffs here are without any evidence that Cervantes Agribusiness made any misrepresentation of fact to Plaintiffs, or directed, authorized or ratified any misrepresentation allegedly made by WKI. There is no evidence Cervantes Agribusiness had knowledge of alleged falsity in any representations made by WKI to Plaintiffs. There is no evidence Cervantes Agribusiness ever intended to deceive Plaintiffs, or to induce the reliance of Plaintiffs on any deception. Plaintiffs certainly do not have clear and convincing evidence to support this Fourth Cause. Cervantes Agribusiness is therefore entitled to summary judgment on Plaintiffs' AWPA and fraud claims.

> 5. *Plaintiffs have no evidence of any unlawful conspiracy to evade federal H2A requirements involving Cervantes Agribusiness, and these allegations should be the basis for sanctions.*

Plaintiffs have no evidence to support their Second Cause, and allegations that Cervantes Agribusiness, together with all six 2011 Defendants, unlawfully conspired to evade federal law for the H2A program. (Doc. 103 at 25). Plaintiffs allege there was "a meeting of the minds as to

their unlawful objective." (*Id.*) Plaintiffs also allege all 2011 Defendants "undertook overt illegal acts in furtherance of their conspiracy." (Doc. 103 at 26).

As to Cervantes Agribusiness these allegations rise to the level of a sanctionable pleading. Rule 11(b)(3) requires that counsel signing a pleading has established, by "inquiry reasonable under the circumstances", that "the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigation or discovery." Here Plaintiffs' counsel did not qualify the allegations of unlawful conspiracy, or indicate those allegations would likely have support after thorough investigation and discovery. (Doc. 103 at 25-26). Absent that qualification, Plaintiffs' counsel represented to this Court that the allegations of a civil conspiracy involving Cervantes Agribusiness, and of "overt illegal acts", and a "common unlawful objective", were made with the required "evidentiary support".

Plaintiffs have absolutely no evidence of any conspiracy as alleged. No representative of Cervantes Agribusiness ever communicated with any other party in an attempt to evade federal law requirements. Plaintiffs have no evidence of any such communications, or undertaking, or intent. Plaintiffs allege a meeting of the minds among the 2011 Defendants, and in furtherance of an "unlawful objective". Plaintiffs do not even have evidence there was any communication whatsoever among these parties.

Plaintiffs' Amended Complaint allegations of a civil conspiracy are based entirely on WKI's H2A application submitted to the Dept. of Labor and alleged statements by WKI to the DOL. (Doc. 103 at 26). There is no evidence Cervantes Agribusiness had anything to do with that application. There is no evidence Cervantes Agribusiness communicated with WKI about

that H2A application. Nothing in WKI's H2A application substantiates Plaintiffs' allegations that Cervantes Agribusiness conspired to commit "overt illegal acts". There is no evidence Cervantes Agribusiness communicated with the Dept. of Labor concerning WKI's H2A participation.

For these reasons Cervantes Agribusiness is entitled not only to summary judgment but also to a reasonable sanction of attorneys' fees and order under Rule 11(c)(3). Plaintiffs' Amended Complaint allegation of a civil conspiracy to evade federal law, involving Cervantes Agribusiness, is baseless, and without any possible support showing a reasonable inquiry made to support the pleadings.

## IV.   CONCLUSION

For the preceding reasons Cervantes Agribusiness is entitled to summary judgment as a matter of law, and based on incontrovertible, genuine and material facts. Furthermore, for the reasons set forth herein, Cervantes Agribusiness requests its attorneys' fees as Rule 11 sanctions, and based on an Amended Complaint showing no reasonable inquiry for evidentiary support was made.

Respectfully submitted,

CERVANTES LAW FIRM, P.C.

/s/ Joseph Cervantes
Joseph Cervantes
Attorney for Defendants Cervantes Agribusiness
and Cervantes Enterprises, Inc.
2610 South Espina
Las Cruces, New Mexico 88001
(575) 526-5600; Fax (575) 523-9317
joseph@cervanteslawnm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May ___, 2016, I electronically filed the foregoing document using the Court's CM/ECF system, which provides notice and service of these documents to all attorneys of record in this civil action.

Jerome Wesevich
Christopher Benoit
Texas RioGrande Legal Aid, Inc.
1331 Texas Ave.
El Paso, TX 79901
(915) 585-5100; Fax (915) 544-3789

Jaime Campos
128 Tierra Vista Dr.
Santa Teresa, NM 88008
jaimecampos@msn.com

/s/ Joseph Cervantes