IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTEBAN ALFARO-HUITORN,
ELEAZAR GARCIA-MATA,
JOSE ANTONIO GARCIA-MATA,
JUAN GUZMAN, JOSE GERARDO JASSO,
RAUL JASSO-CERDA, ISMAEL MARTINEZ
GONZALEZ, ENRIQUE ROJAS-TORRES,
LAZARO ROJAS-TORRES,
TRINIDAD SANTOYO-GARCIA
PEDRO TAMEZ, ANGELA TREJO,
EFRAIN TREJO, SANTOS TREJO,
and YANETH TREJO,

                    No. 2:15-210 JCH/WPL

  Plaintiffs,

v.

WKI OUTSOURCING SOLUTIONS, LLC,
JAIME CAMPOS, CERVANTES AGRIBUSINESS,
CERVANTES ENTERPRISES, INC.,
RJF FARMS, INC., RONNIE J. FRANZOY,
TIERRA DE DIOS FARMS, LLC,
LACK FARMS, INC. and SKYLINE PRODUCE, LLC

  Defendants.

**MOTION FOR SUMMARY JUDGMENT BY
<u>DEFENDANT CERVANTES ENTERPRISES INC.</u>**

  COMES NOW Defendant Cervantes Enterprises Inc., pursuant to Rule 56, and moves for

summary judgment on the following grounds:

**I.  <u>INTRODUCTION</u>**

  Defendant Cervantes Enterprises Inc. is entitled to summary judgment as to all claims,

and as to all Plaintiffs.  Plaintiffs contend that all 9 named Defendants breached employment

contracts to hire Plaintiffs in 2011 and 2012.  Plaintiffs claim they were recruited and hired by Defendant WKI in late November of 2011, and to perform seasonal farm work in the fields of Dona Ana County, NM.   Plaintiffs contend that WKI's promise of employment was not fulfilled, and that in addition to WKI all other Defendants are liable to Plaintiffs for expectancy damages.

The incontrovertible facts, however, are that Defendant Cervantes Ent. Inc. never hired Plaintiffs, and never made any employment contract with them. Defendant Cervantes Ent. Inc. does not farm, does not own farmland, and does not rely on seasonal farm workers. Defendant Cervantes Ent. Inc. is a chile processing business. It had no need or reason to ever hire Plaintiffs, or any other persons, to perform seasonal farm work.  Cervantes Ent. Inc. had no communications with Plaintiffs whatsoever, and never authorized WKI or anyone as its agent to do so.  Plaintiffs have absolutely no evidence to support any claims against Cervantes Ent. Inc.

For their First Cause, Plaintiffs allege Cervantes Ent. Inc. knowingly made false and misleading representations to Plaintiffs, contrary to the federal Agricultural Worker Protection Act.  It is incontrovertible that Cervantes Ent. Inc., never had any communication with any of the Plaintiffs, and never made any representations to Plaintiffs - much less any false and misleading representations.  Moreover, there is no evidence Cervantes Ent. Inc. authorized WKI, as an agent of Cervantes Ent. Inc., to make any representations to Plaintiffs.

For their Second Cause, Plaintiffs allege that Cervantes Ent. Inc. participated in an unlawful civil conspiracy, with all the other named Defendants, in order to evade requirements of the federal H2A program, and secure temporary visas to foreign Mexican labor.  Yet Plaintiffs have no evidence of any communication between Cervantes Ent. Inc. with any other party

regarding any effort or intent to avoid federal law and the H2A program requirements. This claim is without any supporting evidence whatsoever.

For their Third Cause, Plaintiffs contend breach of contract. It is incontrovertible that Cervantes Ent. Inc. never made a written contract to employ the Plaintiffs, and had no direct communication with Plaintiffs of any kind. Instead Plaintiffs contend that WKI was an agent of all "Grower-Defendants", and that WKI hired Plaintiffs in the capacity of an agent for all Growers. Yet there is no evidence Defendant Cervantes Ent. Inc. authorized WKI to act as its agent. There is no evidence that Cervantes Ent. Inc. participated, authorized or ratified any contract made by WKI with Plaintiffs. Plaintiffs have all conceded that WKI never represented itself as an agent of Cervantes Ent. Inc. Plaintiffs have uniformly testified they never heard of Cervantes Ent. Inc., and know nothing about its business.

Plaintiffs also claim they were third-party beneficiaries of contracts between WKI and all "Grower Defendants", including Cervantes Ent. Inc. Although Plaintiffs' Amended Complaint (Doc. 103) identifies several Exhibits, which Plaintiffs contend were the contracts between Growers and WKI, there was no such document involving Defendant Cervantes Ent. Inc. Plaintiffs cannot claim to be third-party beneficiaries of a non-existent contract.

Finally for their Fourth Cause Plaintiffs allege that Cervantes Ent. Inc. is liable for fraud based on alleged misrepresentations by WKI in its federal application as a prospective H2A employer. Plaintiffs have no evidence that Cervantes Ent. Inc. assisted, reviewed, authorized or approved WKI's H2A application submittal, or that Cervantes Ent. Inc. ever had any knowledge about that application or the contents.

## II.     INCONTROVERTIBLE AND MATERIAL FACTS

1.    Cervantes Ent. Inc. is a chile processing business, and owns no farmland, does not farm, and for at least 15 years has not hired seasonal field workers. [Aff. of D. Cervantes Exh. 2, ¶ 4].

2.    Dino Cervantes is the general manager for Defendant Cervantes Ent. Inc.  He is also the general manager for Defendant Cervantes Agribusiness. [Aff. of D. Cervantes Exh. 2, ¶ 2].

3.    Defendant Cervantes Agribusiness does own farmland, grows and harvests crops, and employs farm labor contractors to supply seasonal farm workers. [Aff. of D. Cervantes Exh. 3, ¶ 5].

4.    On September 10, 2011, Mr. Cervantes agreed to meet Jaime Campos at the request of Mr. Campos. [Aff. of D. Cervantes Exh. 2, ¶ 8].

5.    The September 10, 2011, meeting of Mr. Cervantes and Mr. Campos took place at the farm office of Mr. Cervantes.  At this meeting Mr. Campos explained he was attempting to establish a new business, WKI Outsourcing Solutions LLC. [Aff. of D. Cervantes Exh. 2, ¶¶ 6 and 7].

6.    At the September 10 meeting, Mr. Campos explained to Mr. Cervantes that WKI would operate as a farm labor contractor, and that WKI would employ seasonal farm workers. WKI would provide its employees to Dona Ana County farmers for seasonal field work. [Aff. of D. Cervantes Exh. 2, ¶ 7].

7.    At their meeting on September 10, Mr. Campos asked that Mr. Cervantes sign a one page form document, which stated that that WKI would employ 15 skilled farm workers, and

provide these workers between November 10, 2011, and March 9, 2012.  [Aff. of D. Cervantes Exh. 2, ¶ 10; also Exh. 1 dated Sept. 10, 2011].

8.	Mr. Cervantes signed this Sept. 10 document in his capacity as manager for Cervantes Agribusiness.  The document identifies only Cervantes Agribusiness.  There is no reference in the document to Defendant Cervantes Ent. Inc.  [Aff. of D. Cervantes Exh. 2, ¶ 11; also Exh. 1 dated Sept. 10, 2011].

9.	Cervantes Ent. Inc. never signed any document related to WKI or the Plaintiffs. [Aff. of D. Cervantes Exh. 2, ¶ 13].

10.	Cervantes Ent. Inc. never communicated with any of the Plaintiffs.  [Aff. of D. Cervantes Exh. 2, ¶ 19].

11.	Cervantes Ent. Inc. never authorized WKI  to act as an agent on behalf of Cervantes Ent. Inc.  [Aff. of D. Cervantes Exh. 2, ¶ 15].

12.	Cervantes Ent. Inc. never authorized WKI to act as an agent of Cervantes Ent. Inc. with any other person or governmental agency. [Aff. of D. Cervantes Exh. 2, ¶ 22].

13.	Cervantes Ent. Inc. was never informed that WKI ever represented itself as an agent of Cervantes Ent. Inc. [Aff. of D. Cervantes Exh. 2, ¶ 24].

14.	Cervantes Ent. Inc. was never asked by any of the Plaintiffs to perform any employment contract, or to employ Plaintiffs. [Aff. of D. Cervantes Exh. 2, ¶¶ 19 and 25].

15.	Cervantes Ent. Inc. never communicated with any of the "2011-Grower Defendants", joined in this case, regarding the hiring of H2A seasonal farmworkers in 2011 or 2012.  [Aff. of D. Cervantes Exh. 2, ¶ 28].

16. Cervantes Ent. Inc. never communicated with any of the "2011-Grower Defendants", joined in this case, regarding WKI.  [Aff. of D. Cervantes, Exh. 2, ¶ 27].

17. Cervantes Ent. Inc. never communicated with any person or entity with the intent to evade any federal law regarding WKI's efforts to employ H2A seasonal farmworkers.  [Aff. of D. Cervantes, Exh. 2, ¶ 29].

18. Cervantes Ent. Inc. never hired any seasonal farm workers in 2011 or 2012.  [Aff. of D. Cervantes, Exh. 2, ¶ 4].

19. After the one meeting on September 10, 2011, Mr. Cervantes never heard again from Mr. Campos or WKI until this lawsuit was filed.  [Aff. of D. Cervantes, Exh. 2, ¶ 24].

### III.   ARGUMENT

*1.   Cervantes Ent. Inc. never made a contract with any of the Plaintiffs.*

Cervantes Ent. Inc. is not a farm business or grower, but is exclusively a chile processing business.  Cervantes Ent. Inc. does not rely upon or ever hire seasonal farm workers for the work Plaintiffs perform.  Plaintiffs work performing farm field work. There is no reason Cervantes Ent. Inc. would have ever hired Plaintiffs, and there is no evidence it did so.

Plaintiffs allege Cervantes Ent. Inc. breached alleged employment contracts, but it is incontrovertible Cervantes Ent. Inc. never signed any document which would constitute a contract with Plaintiffs.  It is also incontrovertible that there was never any communication by Cervantes Ent. Inc. with any of the Plaintiffs.  At their depositions Plaintiffs uniformly testified they had no idea who Cervantes Ent. Inc. is, where it is located, or what business it is in.  All Plaintiffs conceded that they were never told they would be employed by Cervantes Ent. Inc.

[Plaintiffs' Depositions, Exhs. 4, 5, 6, 7, 8, 9, 10 11, and 12]. Plaintiffs consistently testified they had never even heard the name Cervantes Ent. Inc. *Id.*

Under New Mexico law defendants who are not parties to a contract cannot be held liable for its breach. *Applied Capital, Inc. v. Gibson*, 558 F.Supp.2d 1189 (D.N.M. 2007). A legally enforceable contract requires evidence supporting the existence of an offer, and acceptance, consideration and mutual assent. *Chavez v. New Mexico,* 397 F.3d 826 (10th Cir. 2005); *Parrish v. Valero Retail Holdings*, 727 F.Supp.2d 1266. Absent evidence of a bargained for exchange between the parties, an agreement lacks consideration and is unenforceable under New Mexico law. *Id.* A valid contract must possess mutuality of obligation, and mutuality means both sides must provide consideration. *Heuser v. Kephart,* 215 F.3d 1186 (10th Cir. 2000).

Plaintiffs have no evidence of any offer made by Cervantes Ent. Inc. to Plaintiffs, or of any offer made to Plaintiffs by WKI acting in the capacity of an authorized agent for Cervantes Ent. Inc. There is no evidence Plaintiffs accepted any offer made by or on behalf of Cervantes Ent. Inc. There is no evidence there was ever an exchange of any consideration for a contract formed between Cervantes Ent. Inc. and Plaintiffs.

Plaintiffs will likely respond by reference to WKI's application for federal H2A employer status. In WKI's 10 page H2A application to the Dept. of Labor, WKI listed Cervantes Ent. Inc., and its business address, as one of the 5 potential farm "work site" locations. (Doc. 103-5). WKI's application reference is described as those "work site" "locations" where Plaintiffs might be working if employed by WKI. (Doc 103-5 at 10).

It is incontrovertible that Cervantes Ent. Inc. had nothing to do with WKI's H2A federal application with the Dept. of Labor. There is no evidence Cervantes Ent. Inc. participated in

preparing that application. There is no evidence Cervantes Ent. Inc. was ever provided the application, or that Cervantes Ent. Inc. was even aware of that application. There is no evidence Cervantes Ent. Inc. authorized WKI to list its name in this application.

Moreover there is no reasonable argument that this list of "work site" locations represents a contract between Cervantes Ent. Inc. and Plaintiffs. This list cannot be construed as a contractual employment offer by Cervantes Ent. Inc.

There is no evidence of any employment offer made to Plaintiffs by or on behalf of Cervantes Ent. Inc. There is no evidence Plaintiffs accepted any employment offer by Cervantes Ent. Inc., or that consideration was ever exchanged by these parties. In the absence of an employment contract, Plaintiffs' Third Cause for breach of contract fails as a matter of law.

    2.    *<u>Cervantes Ent. Inc. never authorized Defendant WKI as an agent to make any employment contracts or any representations on behalf of Cervantes Ent. Inc.</u>*

Because Plaintiffs have no evidence they ever communicated with Cervantes Ent. Inc., they instead contend that their contracts were made with WKI, and that WKI was acting an agent for all "2011-Grower Defendants" (Doc. 103 at 27). Plaintiffs also contend that the contracts WKI allegedly made, as an agent for the four 2011 Growers, are documented by Exh. 6 to Plaintiffs' First Amended Complaint. (Doc. 103-6).

This Exh. 6 to Plaintiffs' Amended Complaint is a federal Clearance Order ETA Form 790 issued by the Dept. of Labor. (*Id.*). Nothing in that Exh. 6 contains terms of any contract made by or on behalf of Cervantes Ent. Inc. The only reference to Cervantes Ent. Inc. in this entire Dept. of Labor Order is on page 5, which again is the list of "work site" locations. This list includes Cervantes Ent. Inc. and four other potential work site locations. (Doc. 103-6 at 5). There is no reasonable interpretation of this list of "work site" locations to represent an

employment contract between Cervantes Ent. Inc. and Plaintiffs, and as Plaintiffs contend in their Amended Complaint. (Doc. 103 at 27).

Furthermore, there is no evidence Cervantes Ent. Inc. authorized WKI to act as an agent of Cervantes Ent. Inc. in submitting WKI's H2A application.  Even if WKI's H2A application, and the federal Clearance Order, could be somehow interpreted as a contract between WKI and Plaintiffs, there is no evidence Cervantes Ent. Inc. had anything to do with either the H2A application or the resulting Dept. of Labor Clearance Order.

Throughout their Amended Complaint Plaintiffs attempt to establish vicarious liability of all named Defendants for the actions and conduct of WKI.  To that end Plaintiffs contend WKI acted as an agent of the Grower Defendants, including allegedly Cervantes Ent. Inc., and that WKI was authorized to make employment contracts with Plaintiffs according to that agency status.

An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts some other business, manages some affair or does some service for the principal, with or without compensation.  *Corona v. Corona*, 2014-NMCA-071, 329 P.3d 701.  An agent is one authorized by another to act on his behalf and under his control.  *Hydro Resources Corp. Gray*, 2007-NMSC-061, 143 N.M. 142, 173 P.3d 749.  The "actual authority" of an agent is determined in light of the principal's manifestations of consent to the agent.  *Romero v. Mervyn's* 109 N.M. 249, 784 P.2d 992 (1989).

The "apparent authority" of an agent arises from the principal's manifestations to third-parties.  *Id*.  "Apparent authority" is created when a principal represents to a third-party that another is his agent, and the third-party then believes in the agent's authority.  *Celaya v. Hall,*

2004-NMSC-005, 135 N.M. 115, 85 P.3d 239. "Apparent authority" is that authority which a principal holds his agent out as possessing or permits him to exercise or to represent himself as possessing, under such circumstances as to estop the principal from denying its existence. *Tabet v. Campbell*, 101 N.M. 334, 681 P.2d 1111 (1984).

Under New Mexico law, a duty flowing from actual or apparent agency arises with the existence of some degree of control by the principal over the conduct and activities of the agent, and the degree of control giving rise to liability depends on the particular facts of each case. *Estate of Anderson v. Denny's Inc*., 987 F. Supp.2d 1113 (D.N.M. 2013). Whether or not the parties have agreed they are or are not in an agency relationship does not end the inquiry for a third-party's tort claim against the parties; rather under New Mexico law, courts look at the case's facts to determine the amount of control one party has over the other. *Id*. The duty of the principal, flowing from either actual or apparent authority of an agent, arises with the existence of some degree of control by the principal over the conduct and activities of the agent. *Ciup v. Chevron, U.S.A. Inc*., 1996-NMSC-062, 122 N.M. 537, 928 P.2d 263.

Here there is no evidence that Cervantes Ent. Inc. exercised any control whatsoever concerning the conduct of WKI or its business. There is no evidence Cervantes Ent. Inc. authorized WKI to act as an agent for any purpose. Cervantes Ent. Inc. never made any representation which would cause Plaintiffs to conclude WKI was an agent of Cervantes Ent. Inc. There is no evidence that Cervantes Ent. Inc. held WKI out, to Plaintiffs or to any others, as its agent. There is no evidence of any representations ever made to Plaintiffs, that WKI enjoyed apparent authority to act on behalf of Cervantes Ent. Inc. There is no evidence WKI represented itself to Plaintiffs, or anyone else, as an agent for Cervantes Ent. Inc.

There is also no evidence that Cervantes Ent. Inc. ever authorized, ratified or participated in the actions of WKI. There is no evidence Plaintiffs had any basis to believe WKI was ever acting as an agent of Cervantes Ent. Inc.  There is no evidence that Plaintiffs ever relied upon any such alleged agency relationship.  Plaintiffs have uniformly testified they never heard of Cervantes Ent. Inc. in any of their dealings with WKI.

Because there was no agency relationship between Cervantes Ent. Inc. and WKI, Plaintiffs cannot rely on agency to hold Cervantes Ent. Inc. vicariously liable for any actions or conduct of WKI.

   3.   *Because there was never any contract between Cervantes Ent. Inc. and WKI, Plaintiffs cannot claim to be third-party beneficiaries of a non-existent contract.*

To support their contract claims, Plaintiffs also assert they were third-party beneficiaries of an alleged contract between WKI and Cervantes Ent. Inc.  (Doc. 103 at 27).  To avoid summary judgment as to their third-party beneficiary status, Plaintiffs must first offer evidence of a contract between WKI and Cervantes Ent. Inc.

Ordinarily under New Mexico law, the obligations arising out of the contract are due only to those with whom it was made; a contract cannot be enforced by a person who is not a party to it or in privity to it. *Doña Ana Mutual Domestic Water Consumers Association v. City of Las Cruces, N.M.*, 516 F.3d 900 (10th Cir. 2008)(where neither the agreement nor extrinsic evidence indicated intent to benefit third-party); *Great American Ins. Co. of New York v. Western States Fire Protection Co.*, 730 F.Supp.2d 1308 (D.N.M. 2009)(general rule one not a party to a contract cannot maintain suit on it).  The prime requisite to third-party beneficiary status is that the parties to the contract must have intended to benefit third-party, who must be something more than a mere incidental beneficiary. *Doña Ana Mutual Domestic Water Consumers*

*Association v. City of Las Cruces, N.M.*, 516 F.3d 900 (10th Cir. 2008). The burden of proof is on a party claiming third-party beneficiary status to show the party was an intended third-party beneficiary of the agreement. *Reyna Financial Corp. v. Art Janpol Volkswagen, Inc.*, 1990-NMSC- 097, 110 N.M. 796, 800 P.2d 731; *Vigil v. State Auditor's Office*, 2005-NMCA-096, 138 N.M. 63, 116 P.3d 854 (party claiming third-party beneficiary status has burden to show parties intended to benefit him).

In their Amended Complaint Plaintiffs allege there were contracts between WKI and all 2011 Grower Defendants, and Plaintiffs cite Exhs. 2 to 4 attached. (Doc. 103-2, 4). None of those exhibits make any reference whatsoever to Cervantes Ent. Inc., and the exhibits fail to demonstrate any genuine issue of material fact. There is no evidence of any contract between WKI and Cervantes Ent. Inc., and Plaintiffs cannot assert third-party beneficiary status to a non-existent contract.

   4. <u>*Cervantes Ent. Inc. did not make any false and misleading representations to Plaintiffs and therefore there was no violation of the Agriculture Worker Protection Act, and no fraud*</u>.

For their First and Fourth Causes, Plaintiffs allege violations of the Agriculture Worker Protection Act, and also claim damages for fraud. For both these two causes, Plaintiffs claim Cervantes Ent. Inc. knowingly and intentionally made false and misleading representations to Plaintiffs. (Doc. 103 at 24, 29). There is no evidence to support these allegations.

Cervantes Ent. Inc. never communicated with any of the Plaintiffs, and therefore there could be no false or misleading representations made directly to Plaintiffs. Plaintiffs will instead argue that WKI made false and misleading representations, and that Cervantes Ent. Inc. should answer for that conduct in some vicarious capacity. Plaintiffs' Amended Complaint contends that

WKI made the allegedly false and misleading representations in statements to Plaintiffs by Mr. Campos, and in the documents WKI filed to support its H2A application to the Dept. of Labor.

The prior agency analysis applies again here, and because it had no agency relationship with WKI, Cervantes Ent. Inc. is not liable for any allegedly false or misleading representations of WKI. In the absence of participation, authorization or ratification, a principal is not liable for the actions of the agent. See, *Stewart v. Potter*, 44 N.M. 460, 104 P.2d 736 (1940). There is no evidence Cervantes Ent. Inc. participated in, authorized or ratified any allegedly false and misleading representations made by WKI to Plaintiffs. Plaintiffs have no evidence that Cervantes Ent. Inc. knew of and then ratified any allegedly false or misleading representations made by WKI to Plaintiffs.

Plaintiffs allege that all 2011-Defendants violated the AWPA, but this allegation requires evidence of "knowingly providing false and misleading information. See, §29 U.S.C. 1821(f). Cervantes Ent. Inc. had no communication with Plaintiffs, and so did not directly provide any false or misleading information. In response to Plaintiffs' predictable agency argument, they have no evidence that Cervantes Ent. Inc. *knowingly* authorized or ratified any false and misleading representations made by WKI as an agent of Cervantes Ent. Inc.

Moreover, here Cervantes Ent. Inc. is not even subject to AWPA because it is not an "agricultural employer" as alleged. (*Id.* at 23). The AWPA defines "agricultural employer" as any person who owns or operates a farm, ranch, processing establishment, cannery, gin, packing shed or nursery, or who produces or conditions seed, and who either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker. Cervantes Ent. Inc. farms no land and employs no seasonal farm workers in the production of any crops.

Plaintiffs also claim all 2011 Defendants violated the AWPA by allowing others to recruit without a farm labor contractor registration certificate, and in violation of §29 U.S.C. 1811. Yet Plaintiffs have no evidence Cervantes Ent. Inc. participated in, authorized or ratified any such recruitment.

Plaintiffs also allege all 2011 Defendants violated the rights of Plaintiff Enrique Rojas-Torres, by a failure to disclose terms and conditions of employment in Spanish. There is no evidence Cervantes Ent. Inc. participated in, authorized or ratified WKI's recruitment of Mr. Torres.

Similarly, Plaintiffs' Fourth Cause seeking damages for fraud is unsupported by any evidence. Under New Mexico law the elements of fraud are: (1) a misrepresentation of fact; (2) either knowledge of the falsity of the representation, or recklessness on the part of the party making the misrepresentation; (3) an intent to deceive and to induce reliance on the misrepresentation; and (4) detrimental reliance based upon the misrepresentation. *Carl Kelly Const. LLC. Danco Technologies*, 656 P.Supp.2d 1323 (D.N.M. 2009). Plaintiffs must prove each of these elements by the higher standard of clear and convincing evidence. *Applied Capital Inc. V. Gibson*, 558 F.Supp.2d 1189 (D.N.M. 2007).

Plaintiffs here are without any evidence that Cervantes Ent. Inc. made any misrepresentation of fact to Plaintiffs, or directed, authorized or ratified any misrepresentation allegedly made by WKI. There is no evidence Cervantes Ent. Inc. had knowledge of alleged falsity in any representations made by WKI to Plaintiffs. There is no evidence Cervantes Ent. Inc. ever intended to deceive Plaintiffs, or to induce the reliance of Plaintiffs on any deception. Plaintiffs certainly have no clear and convincing evidence to support this Fourth Cause.

Cervantes Ent. Inc. is therefore entitled to summary judgment on Plaintiffs' AWPA and fraud claims.

> 5. *Plaintiffs have no evidence of any unlawful conspiracy to evade federal H2A requirements involving Cervantes Ent. Inc., and these allegations should be the basis for sanctions.*

Plaintiffs have no evidence to support their Second Cause, and allegations that Cervantes Ent. Inc., together with all six 2011 Defendants, unlawfully conspired to evade federal law for the H2A program. (Doc. 103 at 25). Plaintiffs allege there was "a meeting of the minds as to their unlawful objective." (*Id.*) Plaintiffs also allege all 2011 Defendants "undertook overt illegal acts in furtherance of their conspiracy." (Doc. 103 at 26).

As to Cervantes Ent. Inc. these allegations rise to the level of a sanctionable pleading. Rule 11(b)(3) requires that counsel signing a pleading has established, by "inquiry reasonable under the circumstances", that "the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigation or discovery." Here Plaintiffs' counsel did not qualify the allegations of unlawful conspiracy, or indicate those allegations would likely have support after thorough investigation and discovery. (Doc. 103 at 25-26). Absent that qualification, Plaintiffs' counsel represented to this Court that the allegations of a civil conspiracy involving Cervantes Ent. Inc., and of "overt illegal acts", and a "common unlawful objective", were made with the required "evidentiary support".

Plaintiffs have absolutely no evidence of any conspiracy as alleged. No representative of Cervantes Ent. Inc. ever communicated with any other party in an attempt to evade federal law requirements. Plaintiffs have no evidence of any such communications, or undertaking, or

intent. Plaintiffs allege a meeting of the minds among the 2011 Defendants, and in furtherance of an "unlawful objective". Plaintiffs do not even have evidence there was any communication whatsoever among these parties.

Plaintiffs' Amended Complaint allegations of a civil conspiracy are based entirely on WKI's H2A application submitted to the Dept. of Labor. (Doc. 103 at 26). There is no evidence Cervantes Ent. Inc. had anything to do with that application. There is no evidence Cervantes Ent. Inc. communicated with WKI about that H2A application. Nothing in WKI's H2A application substantiates Plaintiffs allegations that Cervantes Ent. Inc. conspired to commit "overt illegal acts".

For these reasons Cervantes Ent. Inc. is entitled not only to summary judgment but also to a reasonable sanction of attorneys' fees and order under Rule 11(c)(3). Plaintiffs' Amended Complaint allegation of a civil conspiracy to evade federal law, involving Cervantes Ent. Inc., is baseless, and without any possible support showing a reasonable inquiry made to support the pleadings.

Plaintiffs may attempt to argue they had written employment contracts with Cervantes Ent. Inc. because the name Cervantes Ent. Inc. was listed by WKI in its federal H2A application to the Dept. of Labor. That application requires a prospective H2A employer, like WKI, to identify the location where the work is to be performed by any H2A employee. In WKI's H2A application, however, WKI erroneously listed Cervantes Ent. Inc. as an owner of farmland on which Plaintiffs might be employed by WKI to work. WKI also listed another 3 farm owners in its DOL application, and as potential locations where Plaintiffs might also work. (Doc. 103-6 at 5).

Though Plaintiffs may now argue they were given or viewed this list of four farms as part of WKI's federal H2A application, that list does not constitute any basis of a contract between Plaintiffs and Cervantes Ent. Inc. Cervantes Ent. Inc. had nothing to do with the preparation or submission of that list of farms, or with WKI's application to the DOL. Cervantes Ent. Inc. did not assist with, review or approve WKI's application. Cervantes Ent. Inc. did not authorize WKI to list Cervantes Ent. Inc. in WKI's application. Cervantes Ent. Inc. did not subsequently authorize or ratify that application. Until this lawsuit, Cervantes Ent. Inc. was never informed that WKI had listed Cervantes Ent. Inc. in WKI's DOL application. Because Cervantes Ent. Inc. had nothing to do with WKI's application for H2A employer status, as submitted to the Dept. of Labor, Plaintiffs cannot rely on that application as the basis for their alleged employment contracts with Cervantes Ent. Inc.

Even if WKI's application for H2A employer status could be argued as the basis for a contract with Plaintiffs, at most Plaintiffs then had only contracts with one of four alternative growers and in scattered parts of Dona Ana County. On the basis of the H2A application, Plaintiffs would have no way of knowing where their employment by WKI would be performed among the 4 farm owners listed in the application. Given this ambiguity, there was no enforceable contract made by Plaintiffs with Cervantes Ent. Inc.

### IV. CONCLUSION

For the preceding reasons Cervantes Ent. Inc. is entitled to summary judgment as a matter of law, and based on incontrovertible, genuine and material facts. Furthermore, for the reasons set forth herein, Cervantes Ent. Inc. requests its attorneys' fees as Rule 11 sanctions, and based on an Amended Complaint showing no reasonable inquiry for evidentiary support was made.

Respectfully submitted,

CERVANTES LAW FIRM, P.C.

*/s/ Joseph Cervantes*
Joseph Cervantes
Attorney for Defendants Cervantes
Agribusiness and Cervantes Enterprises, Inc.
2610 South Espina
Las Cruces, New Mexico 88001
(575) 526-5600; Fax (575) 523-9317
joseph@cervanteslawnm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2016, I electronically filed the foregoing document using the Court's CM/ECF system, which provides notice and service of these documents to all attorneys of record in this civil action.

Jerome Wesevich
Christopher Benoit
Texas RioGrande Legal Aid, Inc.
1331 Texas Ave.
El Paso, TX 79901
(915) 585-5100; Fax (915) 544-3789

Jaime Campos
128 Tierra Vista Dr.
Santa Teresa, NM 88008
jaimecampos@msn.com

/s/ Joseph Cervantes