UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTEBAN ALFARO-HUITORN,
ELEAZAR GARCIA-MATA,
JOSE ANTONIO GARCIA-MATA,
JUAN GUZMAN, JOSE GERARDO JASSO,
RAUL JASSO-CERDA, ISMAEL MARTINEZ
GONZALEZ, ENRIQUE ROJAS-TORRES,
LAZARO ROJAS-TORRES,
TRINIDAD SANTOYO-GARCIA
PEDRO TAMEZ, ANGELA TREJO,
EFRAIN TREJO, SANTOS TREJO,
and YANETH TREJO,

                           No. 2-15-210 JCH/WPL

  Plaintiffs,

v.

WKI OUTSOURCING SOLUTIONS, LLC,
JAIME CAMPOS, CERVANTES AGRIBUSINESS,
CERVANTES ENTERPRISES, INC.,
RJF FARMS, INC., RONNIE J. FRANZOY,
TIERRA DE DIOS FARMS, LLC,
LACK FARMS, INC. and SKYLINE PRODUCE, LLC

  Defendants.

**MOTION TO STRIKE PLAINTIFFS' RESPONSE BRIEF
FILED IN OPPOSITION TO SUMMARY JUDGMENT MOTIONS
OF DEFENDANTS CERVANTES ENT. INC. AND CERVANTES AGRIBUSINESS**

  Come now Defendants Cervantes Enterprises Inc. and Cervantes Agribusiness pursuant

to Rule 56(e)(4), and together jointly move the Court to strike the Response brief filed by

Plaintiffs in opposition to the two motions for summary judgment filed on behalf of these

Defendants.  Plaintiffs' Response so fundamentally fails to comply with Rules 56 and

D.N.M.LR-Civ. 56, that it is impossible for the Cervantes Defendants to file a meaningful Reply as permitted by Rule 56 and D.N.M.LR-Civ. 56.1(b).

## INTRODUCTION

Instead of filing a memorandum brief responsive to Defendants' Motions for Summary Judgment, Plaintiffs have filed a Response consisting of voluminous factual contentions, made without reference with particularity to the record, and which have nothing to do with the factual or legal basis of the present Motions.  Plaintiffs' Response also consists of legal arguments and authorities which again have nothing to do with the basis for the Motions, and frequently have absolutely nothing to do with the Cervantes Defendants, and relate only to other Defendants. Plaintiffs' Response also states fabricated contentions, without support in the record, but which Plaintiffs argue a jury could infer.

Plaintiffs improperly burden the Court and counsel with hundreds of pages of deposition testimony and exhibits rather than respond "with particularity" as repeatedly required by Rule 56 and D.N.M.LR-Civ. 56.  Plaintiffs' counsel initially requested leave of the Court to exceed the page limitations for their Response, and asked to file 408 pages of exhibits including complete deposition transcripts (Doc. 203).  This Court rejected that request and directed Plaintiffs to submit only deposition testimony cited by the Response. (Doc. 205).  Plaintiffs responded by the disingenuous tactic of burying the Court with a mountain of non-specific and irrelevant testimony and documents, evidently expecting the Court to conclude there must be an issue of fact presented somewhere in that haystack.

Counsel for Defendants cannot reasonably file a Reply. To do so would require Defendants to needlessly dispute pages of irrelevant facts.  Unless Plaintiffs' Response is struck,

Defendants would also be required to needlessly scour hundreds of pages of deposition testimony to challenge Plaintiffs' additional but irrelevant facts, because Plaintiffs do not support their factual contentions "with particularity".  In one example, Plaintiffs cite to over 90 pages of deposition testimony to support a single factual contention.  [See, Doc. 206 at 3, par. C, Plaintiffs' "Material Facts Omitted"].  This undertaking would be unduly burdensome not only to Defendants, but also to this Court.

Although D.N.M.LR-Civ. 56 provides that all facts set forth by a non-movant in a Response will be deemed undisputed unless specifically controverted, here this Rule must be applied to comport with the purposes and intent of Rule 56.  This Rule should not be applied as an opportunity for Plaintiffs to make exhaustive allegations of fact which are irrelevant to the present Motions, or to require that Defendants challenge all of Plaintiffs' irrelevant facts, or risk having these facts deemed undisputed.

Here Plaintiffs disregard the requirements of a proper summary judgment Response. Throughout both Fed. R. Civ. Pro. 56, and D.N.M.LR-Civ. 56, the burden of a party opposing summary judgment is well established. A summary judgment Response requires a short and concise statement of those material facts to which the non-movant contends there exists a genuine issue of material fact.  The party opposing summary judgment is required to dispute each relevant fact by reference to those portions of the record upon which the non-movant relies, and to do so "with particularity".   Although a party opposing summary judgment may also set forth "additional facts" these facts must be "material to the resolution of the motion."  See, D.N.M.LR-Civ. 56.

1. *Plaintiffs' Additional Facts Are Not Material to the Present Summary Judgment Motions, and Should Be Struck.*

D.N.M.LR-Civ. 56(b) permits a party opposing summary judgment to state additional facts in a response memorandum, but by this Rule those facts must be "material to the resolution of the motion". This allowance to state additional facts is not an opportunity for a non-movant to allege any facts they like, or to evade summary judgment through a recitation of lengthy and disputed facts, which do not raise a "genuine issue". See, D.N.M.LR-Civ. 56.

Here Plaintiffs' Response is not constrained to short and concise statements of additional facts, which are material to opposing Defendants' Motions. Instead Plaintiffs engage a stream of consciousness narrative, and argue their case unbridled by facts which are relevant to the summary judgment Motions at hand. On pages 5-10 of their Response Plaintiffs characterize 33 paragraphs as "Material Facts Omitted from Defendants' Motions". Yet Plaintiffs six pages of these "facts omitted" are not material to the resolution of the summary judgment Motions, and also present legal arguments and factual contentions which are entirely irrelevant to these Motions.

Of these 33 paragraphs of "facts omitted", 20 paragraphs have nothing whatsoever to do with any actions or inactions of the Cervantes Defendants. See, A, B, C, D, E, F, G, I, J, P, T, U, W, X, Y, Z, AA, AB, AC, AE. Eighteen of these 33 paragraphs relate exclusively to the conduct of other Defendants, but not the Cervantes Defendants. See, C, D, E, F, G, I, J, P, T, U, W, Y, Z, AA, AB, AC, AE. Indeed several of these "facts omitted" paragraphs relate exclusively to a Defendant, Ronald Franzoy, who has been dismissed. See, G, I, J.

Of these "facts omitted" statements, Plaintiffs also routinely and inappropriately misconstrue legal arguments as statements of fact. Even when these alleged "additional facts"

relate in some way to the Cervantes Defendants, Plaintiffs fail to argue how these facts are material to resolution of the present summary judgment Motions.

The Cervantes Defendants object to Plaintiffs' gratuitous and irrelevant statements of allegedly additional facts. It would be unjust to compel the Cervantes Defendants to refute the six pages of these 33 paragraphs of additional, but immaterial, factual contentions. Where a party fails to properly address another party's assertion of fact as required by Rule 56(c), the Court may consider the fact undisputed, grant summary judgment, or issue other appropriate order. Rule 56(e)(4).

The entire purpose of the summary judgment procedure would be frustrated if a party bringing a proper motion is then required by an opponent's response to then be compelled to address lengthy and immaterial additional "additional facts." Likewise the purpose of summary judgment would be frustrated where a party's response memorandum is used as an opportunity to present lengthy and disputed facts, which are not genuine or material to the non-movant's burden. Defendants move that these six pages of omitted facts be struck as immaterial to resolution of the Motions before this Court.

2. *<u>Plaintiffs' Failure to Respond by Concise Statements of Fact Make a Reply Unduly Burdensome, and Frustrate the Summary Judgment Procedure</u>*.

Plaintiffs also disregard the requirement of both Rule 56 and D.N.M.LR-Civ. 56 that their Response be stated by short and concise statements of fact. Plaintiffs' lengthy and verbose contentions make it impossible for the Cervantes Defendants to comply with the requirements of the civil rules, or to submit their Reply by short and concise statements of fact.

As an example, Plaintiffs' Response paragraph Z contains at least 8 sentences, 214 words, and has absolutely nothing to do with the Cervantes Defendants. Plaintiffs' Response

paragraph 18-CAB contains 12 sentences and 323 words.  Throughout their Response, Plaintiffs similarly fail to state their opposition by short and concise statements of facts.  See, A, B, G, J, K, L, M, N, O, P, T, V, X, Z, AD, AE, AF, and 1-CAB, 3-CAB, 7-CAB, 8-CAB, 9-CAB, 10-CAB, 17-CAB, 18-CAB, 19-CAB, and 1-CEI, 3-CEI, 4-CEI, 5-CEI, 8-CEI, 9-CEI, 10-CEI, 11-CEI, 12-CEI, 17-CEI, 18-CEI, 19-CEI.

The Cervantes Defendants properly filed their summary judgment Motions based on short and concise statements of fact.  Because they are unable to refute these facts by evidence of record, Plaintiffs instead evade the deficiencies of their case by a Response which entirely disregards their burden. Plaintiffs' failure to file a Response conforming to Rule 56 and D.N.M.LR-Civ. 56 requires that the entire Response be struck, or alternatively that the Court strike the preceding statements.

    3.  *Plaintiffs' Response is Based on Falsification of the Record*.

To avoid summary judgment Plaintiffs stoop to falsifying and fabricating the record.  This conduct should not be tolerated.  As an example, paragraph L of Plaintiffs "material facts omitted" states as fact "Dino Cervantes did not sign WKI's AOS because he was experiencing a shortage of U.S. workers for his business."  Plaintiffs cite SJR 85 for this factual contention, which in no way supports this statement of alleged fact.

In paragraph M of Plaintiffs' "material facts omitted" Plaintiffs cite to SJR 73 of their record, but notably Plaintiffs do not even include an SJR 73 in their exhibits.

In paragraph L of Plaintiffs' "material facts omitted" Plaintiffs state that both "CAB and CEI had all the seasonal workers they needed through Jesus Maldonado, a licensed farm labor contractor, who has supplied all seasonal labor needs to Dino Cervantes's satisfaction for forty

years." Plaintiffs support this factual contention by citation to SJR 191, 194-97, 199, 201. This deposition testimony does not support the factual contention, or establish that Dino Cervantes ever stated all seasonal labor needs were to the satisfaction of Dino Cervantes as alleged. Again this represents an example of Plaintiffs' falsification of the record.

In paragraph M of their "material facts omitted", Plaintiffs state that Dino Cervantes signed the AOS "specifically to replace U.S. workers" with Mexican H2A workers. Plaintiffs cite SJR 82, however, this deposition testimony of Mr. Cervantes in no way supports the statement he intended to "replace U.S. workers" with Mexican H2A workers. This again is a complete fabrication of a non-existent record.

In paragraph O, and in the third of the six sentences of their Response here, Plaintiffs state as fact "Mr. Maldonado submits his time sheets at CEI, which is where the terms of his pay are written." Plaintiffs cite SJR 202 for this statement, which is deposition testimony of Mr. Maldonado having nothing whatsoever to do with time sheets, or CEI, or where "the terms of his pay are written." Once again this is a complete fabrication of the record by Plaintiffs' counsel.

In the same paragraph O, Plaintiffs state as fact that Dino Cervantes "consistently approved timesheets of farm laborer, including Jesus Maldonado, that bear both CAB's and CEI's names indiscriminately between 2010 and 2013." Plaintiff cites to 33 pages of timesheets as SJR343-376. Yet this record in no way supports Plaintiffs argument the names CAB and CEI were used "indiscriminately". Rather, these exhibits include timesheets for employees of CAB, including the seasonal farmworkers working for Jesus Maldonado a farm labor contractor. [SJR 345-50. These exhibits then include timesheets for CEI, which are not for seasonal farmworkers, but which are timesheets for permanent employees of Defendant CEI. [SJR 351-68]. These

exhibits and this record in no way support Plaintiffs' statement that the two companies used their names "indiscriminately".

Also, Plaintiffs' citation to SJR 343 is reference to a document Plaintiffs did not include among their exhibits. Plaintiffs' citation to SJR 344 is not to a timesheet, but to an invoice from a product supplier. Once again Plaintiffs' demonstrate a cavalier attitude toward the record, and toward the candor due this Court.

A key issue supporting summary judgment for the Cervantes Defendants is Defendants' factual contention that CEI did not hire seasonal farmworkers, and never entered any contract with WKI or Plaintiffs. Plaintiffs are unable to refute this so here again they simply falsify the record to avoid summary judgment. In Plaintiffs' Response paragraph Q, they state "CAB/CEI used $8.87 as its multiplier, still providing the seasonal workers with $7.50." Plaintiffs cite SJR 81, 197 and 336 for this statement, but this deposition testimony has nothing whatsoever to do with Defendant CEI, and makes no mention or reference to Defendant CEI. Here again Plaintiffs mislead the Court by a falsified record because they are unable to avoid summary judgment with a truthful record.

In paragraph AD of their Response, Plaintiffs argue that Defendant Jaime Campos cancelled Defendant WKI's H2A application, and "blamed the cancellation on CAB/CEI." Plaintiffs cited SJR 273, which is a letter from Mr. Campos to the Dept. of Labor, and which makes absolutely no mention of either CAB or CEI. Mr. Campos in no way blamed his request for cancellation on either CAB or CEI. Once again Plaintiffs base this factual contention on falsification of the record.

Plaintiffs' falsifications of the record are not limited only to their "omitted facts". Responding to the factual contentions of Defendant CAB, Plaintiffs state in their paragraph 1-CAB that "…CAB had a simple, reliable source of U.S. labor at its disposal, and one that had performed to CAB's satisfaction for decades." Plaintiffs cite SJR 191, 197 and 199, however, this deposition testimony of Jesus Maldonado in no way supports this contention, makes no reference to a simple source of labor, no reference to a reliable source of labor, no distinction to U.S. labor, and no reference regarding the satisfaction of CAB with the labor source.

Plaintiffs' Response paragraph 18-CEI states as alleged fact that "CEI does hire seasonal agricultural workers to pack dry chile." Plaintiff cites SJR 88 to support this statement, however this is again a false citation, and SJR 88 in no way supports Plaintiffs' statement CEI hires "agricultural workers". SJR 88 in no way supports Plaintiffs' statement that CEI hires "agricultural workers to pack dry chile". Yet again Plaintiffs falsely misrepresent the record.

These are but a few of numerous examples, and the Cervantes Defendants could examine Plaintiffs' falsified and fabricated record to the point of exhaustion. There is no point, however, in belaboring this improper conduct. From these examples, it cannot be disputed that Plaintiffs' Response falsifies the record, and relies upon misrepresentations of deposition testimony. It is unjust, and unduly burdensome, to expect the Cervantes Defendants to go through and identify and explain each and all of the falsifications in Plaintiffs' Response. These examples should be more than adequate to illustrate the inadequacies of Plaintiffs' Response, and the basis for granting the Cervantes Defendants summary judgment.

4. *Plaintiffs Response States Factual Contentions Without Citation to Any Supporting Record or Evidence*.

A proper summary judgment response must support factual contentions therein with citations to the records, however, in their Response Plaintiffs simply fabricate some alleged facts without even attempting to offer any citations whatsoever. Paragraph O in Plaintiffs "omitted facts" states: "Dino Cervantes does not manage labor for CAB and CEI separately". Plaintiffs cite nothing from the record to support this crucial statement. In its summary judgment Motion Defendant CEI has established that it does not hire seasonal farmworkers like Plaintiffs. Plaintiffs' statement of alleged fact is that CAB and CEI do not manage their respect labor needs separately. Yet Plaintiffs do not offer any evidence whatsoever to support this statement in paragraph O of their Response.

Paragraph AF in Plaintiffs' "omitted facts" states "Dino Cervantes hired replacement workers to actually perform the work covered by the AOS that he signed with WKI." This factual statement has no citation to the record whatsoever.

Again these are but a few examples where Plaintiffs fail to oppose summary judgment as required by Rule 56, and where Plaintiffs improperly state factual contentions without even attempting to provide a supporting reference in the record.

5. *Plaintiffs Response Relies Upon Suppositions Instead of Supported Factual Statements.*

Where Plaintiffs have no evidence of record to oppose summary judgment they are unhesitant to rely on assumptions and suppositions of fact. In Plaintiffs' paragraph V, they state "… a jury may reasonably conclude that on or near October 27, 2011, Mr. Campos got the additional CEI information that DOL requested from Dino Cervantes or 'people that work in the

office' at CEI." Plaintiffs cite SJR 72 for this statement, which is deposition testimony of Jaime Campos, but which in no way supports Plaintiffs' contention that Mr. Campos "got" any additional CEI information that DOL requested from Dino Cervantes. The testimony cited in no way supports the Plaintiffs' contention that Mr. Campos "got" any information that DOL requested from "people that work in the office" of CEI.

Not only does the deposition testimony cited have absolutely nothing to do with Plaintiffs' factual contention, but Rule 56 does not entertain a Response based upon what a jury "may reasonably conclude". Plaintiffs cannot oppose the properly supported summary judgment Motions here based upon suppositions of what a jury "may" conclude. This is an improper understanding of the summary judgment procedure, and is unsupported by the civil rules.

Similarly, Plaintiffs Response paragraph 3-CAB is seven sentences, and rather than a short, concise statement of fact, is instead an argument of suppositions and assumptions. Plaintiff states as a factual contention "These two men either discussed the WKI contract prior to September 10, or after September 10, or both." Yet Plaintiffs cite nothing from the record whatsoever to support this supposition.

In this paragraph Plaintiffs also state "At the September 10 meeting, Jaime Campos did not have a machine with him capable of producing a type-written document." Plaintiffs cite SJR 88-89 for this statement, which is the deposition testimony of Dino Cervantes. Asked if Jaime Campos had a computer or typewriter at the time, Mr. Cervantes testified "Couldn't tell you." [SJR 88, line 13]. Plaintiffs falsify the record to support this statement.

In this same paragraph Plaintiffs not only falsify the record, but also repeatedly make factual deductions, suppositions and assumptions. These are not factual contentions supported in

the record, and therefore are not responsive to Defendants' summary judgment Motions. Throughout this paragraph Plaintiffs also argue factual contentions, but cite no evidence in the record for support.

In Response paragraph 4-CAB, Plaintiffs state that Defendant CAB maintains a "separate office where CAB conducts business in La Mesa, NM." Plaintiffs cite SJR 78 and 225, however, this testimony of Dino Cervantes in no way supports Plaintiffs' statement that Defendant CAB maintains a separate office where it conducts business. Mr. Cervantes testified only that Defendant CAB uses a different "address" than Defendant CEI. Nothing in the record cited supports Plaintiffs' statement that CAB maintains a "separate office", or that CAB has a "separate office where CAB conducts business", other than a different mailing address. This paragraph is a falsification of the record cited.

Plaintiffs' Response paragraph 1-CEI, states "Mr. Campos, presumably after consulting with Dino Cervantes, swore to DO that CEI is a farm operator and owner that produces agricultural commodities aside from its packing services." Plaintiffs cite SJR 260, which in no way supports Plaintiffs' statement that Mr. Campos consulted Dino Cervantes as alleged. Plaintiffs' 1-CEI is yet another example of the factual statements unsupported by the record, based only on suppositions and assumptions.

Rule 56 does not entertain the notion that a party can oppose summary judgment based on what counsel contends a jury may conclude. The Response must be struck, and summary judgment granted, based not only on Plaintiffs falsification of the record, but also because Plaintiffs fail to demonstrate genuine issues of facts based on reference to the record before this Court.

6. *Plaintiffs' Response Misconstrues Legal Argument for Statements of Fact.*

In their Response Plaintiffs fail to comply with Rule 56, by stating as factual allegations what are in reality legal arguments. As an example, Plaintiffs' Response paragraph 7-CAB is represented as a responsive to Defendants' statement of undisputed fact. Yet Plaintiffs' Response here is purely argument. Because Plaintiffs did not comply with Rule 56 and oppose summary judgment with a short concise statement of fact supported by evidence in the record, Defendants cannot Reply as required by Rule 56.

Likewise, Plaintiffs' Response paragraphs 8-CAB, 9-CAB, 10-CAB, 17-CAB, 18-CAB and 19-CAB are not statements of fact supported by reference in the record. Instead these paragraphs are all arguments, and are therefore inadequate as a proper Response in opposition to Defendants' factual contentions, which in contrast are correctly supported by accurate citations to the record.

## CONCLUSION

For the preceding reasons this Court should grant this motion under Rule 56(e), and strike Plaintiffs' Response memorandum as nonresponsive, noncompliant, and an affront to the Court. The Cervantes Defendants should not be required to Reply to Plaintiffs' "additional facts" which are immaterial to resolution of the Motions. The Cervantes Defendants should not be required to Reply to Plaintiffs' false misrepresentations of the record, or to those factual contentions made without reference to the record whatsoever. Finally the Cervantes Defendants should not have to Reply to a Response memorandum which evades both the letter and intent of Rule 56.

Respectfully submitted,

CERVANTES LAW FIRM, P.C.

*/s/ Joseph Cervantes*
Joseph Cervantes
Attorney for Defendants Cervantes
Enterprises, Inc.
and Cervantes Agribusiness
2610 South Espina
Las Cruces, NM 88001
(575) 526-5600; Fax (575) 523-9317
joseph@cervanteslawnm.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2016, I electronically filed the foregoing document using the Court's CM/ECF system, which provides notice and service of these documents to all attorneys of record in this civil action.

Jerome Wesevich
Christopher Benoit
Texas RioGrande Legal Aid, Inc.
1331 Texas Ave.
El Paso, TX 79901
(915) 585-5100; Fax (915) 544-3789

Jaime Campos
128 Tierra Vista Dr.
Santa Teresa, NM 88008
jaimecampos@msn.com

*/s/ Joseph Cervantes/*