UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTEBAN ALFARO-HUITORN,
ELEAZAR GARCIA-MATA,
JOSE ANTONIO GARCIA-MATA,
JUAN GUZMAN, JOSE GERARDO JASSO,
RAUL JASSO-CERDA, ISMAEL MARTINEZ
GONZALEZ, ENRIQUE ROJAS-TORRES,
LAZARO ROJAS-TORRES,
TRINIDAD SANTOYO-GARCIA
PEDRO TAMEZ, ANGELA TREJO,
EFRAIN TREJO, SANTOS TREJO,
and YANETH TREJO,

                                                                                                       No. 2-15-210 JCH/WPL

    Plaintiffs,

v.

WKI OUTSOURCING SOLUTIONS, LLC,
JAIME CAMPOS, CERVANTES AGRIBUSINESS,
CERVANTES ENTERPRISES, INC.,
RJF FARMS, INC., RONNIE J. FRANZOY,
TIERRA DE DIOS FARMS, LLC,
LACK FARMS, INC. and SKYLINE PRODUCE, LLC

    Defendants.

### MOTION TO EXTEND TIME FOR REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT MOTIONS BY CERVANTES DEFENDANTS

    Come now Defendants Cervantes Enterprises Inc. and Cervantes Agribusiness, and move that the Court grant an extension of time for these parties to file their Reply memorandum in support of their pending motions for summary judgment.

    As grounds for this Motion, these Defendants state that on July 18, 2016, they filed a Motion to Strike Plaintiffs' Response memorandum (Doc. 215), which was filed in opposition to Defendants' motions for summary judgment (Docs. 185 and 186). Defendants now move for an

extension of time so that the Court will first rule on the Motion to Strike the Response, before Defendants' opportunity to file a Reply expires.  Otherwise those arguments made in the Motion to Strike would be moot, and the summary judgment rule and procedure would be disregarded.  As further grounds for this Motion the Cervantes Defendants state:

1. On May 30, 2016, the Cervantes Defendants filed Motions for Summary Judgment. (Docs. 185 and 186.)

2. On June 28, 2016, Plaintiffs filed their Response in opposition to the subject Summary Judgment Motions. (Doc. 206.)

3. On July 18, 2016, the Cervantes Defendants filed a Motion to Strike Plaintiffs' Response memorandum. (Doc 215.)

4. As partial grounds for Defendants' Motion to Strike, the Cervantes Defendants contend that the Response memorandum goes far afield of the Motions for Summary Judgment, and states lengthy and verbose recitations of "additional facts", which have no relevance whatsoever to the arguments made in support of summary judgment, and in many cases do not even relate to the Cervantes Defendants whatsoever.

5. Requiring the Cervantes Defendants to file a Reply memorandum, in order to refute irrelevant and lengthy factual contentions asserted by Plaintiffs, is inconsistent with Rules 56 and D.N.M.LR-Civ. 56.1(b).  These rules allow for the recitation of "additional facts" which are material to disposition of the issues raised on summary judgment.

6. These rules do not allow a party, as Plaintiffs have done here, to recite pages of "additional facts" irrelevant to the motion, but to create an impression there is an issue of fact where in truth there is none.

7. It would be unjust, unduly burdensome and oppressive to require the Cervantes Defendants to file a Reply memorandum, and therein address and respond to Plaintiffs' pages of irrelevant but "additional facts". The Court should therefore address the merits of the Motion to Strike Plaintiffs' Response before the Cervantes Defendants submit a Reply memorandum.

8. As additional grounds for their Motion to Strike Plaintiffs' Response memorandum, the Cervantes Defendants also establish that Plaintiffs' Response does not recite short and concise statements of fact in accordance with Rules 56 and D.N.M.LR-Civ. 56. Instead of adhering to the rules for summary judgment, Plaintiffs' Response is lengthy and verbose arguments and contentions, which make it impossible for Defendants to Reply by short and concise statements of fact.

9. It would be unjust, unduly burdensome and oppressive to require the Cervantes Defendants to try and reply to Plaintiffs verbose and lengthy statements of fact, and would defeat the point and purpose of summary judgment procedures.

10. As additional grounds for their Motion to Strike Plaintiffs' Response memorandum, the Cervantes Defendants establish that Plaintiffs' Response repeatedly misrepresents the record, and fictionalizes facts which are not supported by the citations offered to the record.

11. It would be unjust, unduly burdensome and oppressive to require the Cervantes Defendants to reply to Plaintiffs' falsification of the record, as opposed to granting the Motion to Strike these misrepresentations.

12. Plaintiffs should not be permitted to avoid the purposes served by summary judgment, or permitted to avoid the absence of evidence to support their case against the

Cervantes Defendants, by engaging this Court and counsel in a scavenger hunt for relevant facts and arguments.

13. The Cervantes Defendants should not be compelled to dance to Plaintiffs' tune, or be compelled to prepare a Reply memorandum responsive to Plaintiffs' lengthy, irrelevant and unsubstantiated factual allegations, which have nothing to do with the basis for the summary judgment issues raised by Defendants' motions for summary judgment.

14. The interests of this Court and of justice are best served by having the Court rule on the merits of Defendants' Motion to Strike Plaintiffs' Response memorandum, and before Defendants should be denied the opportunity to file a Reply memorandum which addresses the issues genuinely raised on summary judgment. Otherwise the Court and Defendants would be compelled to reply to lengthy facts and arguments having nothing to do with the summary judgment arguments legitimately before this Court.

15. Counsel for Defendants Cervantes Enterprises, Inc. and Cervantes Agribusiness sought concurrence of Plaintiffs' counsel concerning the requested enlargement, but no response was received.

WHEREFORE, the Cervantes Defendants request that this Court grant an extension of time for Defendants to file a Reply memorandum, in support of their summary judgment motions, within 15 days of the Court's ruling on Defendants' Motion to Strike Plaintiffs' Response.

                                          Respectfully submitted,

                                          CERVANTES LAW FIRM, P.C.

                                          */s/ Joseph Cervantes*
Joseph Cervantes
Attorney for Defendants Cervantes
Enterprises, Inc.
and Cervantes Agribusiness
2610 South Espina
Las Cruces, NM 88001
(575) 526-5600; Fax (575) 523-9317
joseph@cervanteslawnm.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 1st, 2016, I electronically filed the foregoing document using the Court's CM/ECF system, which provides notice and service of these documents to all attorneys of record in this civil action.

Jerome Wesevich
Christopher Benoit
Texas RioGrande Legal Aid, Inc.
1331 Texas Ave.
El Paso, TX 79901
(915) 585-5100; Fax (915) 544-3789

Jaime Campos
128 Tierra Vista Dr.
Santa Teresa, NM 88008
jaimecampos@msn.com

*/s/ Joseph Cervantes/*