THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTEBAN ALFARO-HUITRON, et al.,

        Plaintiffs,

v.                                            No. Civ. 15-210 JCH/WPL

WKI OUTSOURCING SOLUTIONS, LLC,
*et al*.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On July 18, 2016, Defendants Cervantes Enterprises, Inc., and Cervantes Agribusiness (collectively, "Cervantes Defendants") filed a "Motion to Strike Plaintiffs' Response Brief Filed in Opposition to Summary Judgment Motions of Defendants Cervantes Ent. Inc. and Cervantes Agribusiness" (ECF No. 215). Subsequently, the Cervantes Defendants filed a "Motion to Extend Time for Reply Brief in Support of Summary Judgment Motions by Cervantes Defendants" (ECF No. 219). The Court, having reviewed the motions, briefs, record, and relevant law, concludes that the motion to strike should be denied and the motion to extend time for the reply brief should be granted.

**I.  PROCEDURAL HISTORY**

On May 30, 2016, the Cervantes Defendants filed two motions for summary judgment (ECF Nos. 185 and 186). Prior to filing their response, Plaintiffs filed a Motion for Leave to Exceed Page Limits on Summary Judgment Brief and Exhibits (ECF No. 203). This Court granted the motion in part, allowing Plaintiffs to file their 40-page response to both motions, but

denying their request to file 408 pages of exhibits. Order, 1 ECF No. 205. The Court permitted Plaintiffs to exceed the 50-page exhibit limit, "but only by including those portions of the record and depositions that Plaintiffs cite in their response." *Id.*

Plaintiffs filed their response and attached 277 pages of exhibits. Pls.' Resp., ECF No. 206. The Cervantes Defendants asked for two extensions of time to file their reply, which Plaintiffs did not oppose. *See* Defs.' Am. Mot. for Extension, ECF No. 210; Defs.' Second Mot. for Extension, ECF No. 213. Instead of filing a reply, the Cervantes Defendants filed a motion to strike Plaintiffs' response. Defs.' Mot. to Strike, ECF No. 215.

The Cervantes Defendants argue the response consists of voluminous factual contentions without reference with particularity to the record and that are irrelevant to their motions. *Id.* at 2. They request that the Court strike the entire response, or alternatively, the approximately 8 pages of additional material facts that Plaintiffs included in their response, for lack of materiality and relevance. *See id.* at 4-6. They additionally assert that the response states fabricated contentions and improperly burdens the Court and counsel with hundreds of pages of deposition testimony and exhibits, rather than meeting the "with particularity" requirement of Federal Rule of Civil Procedure 56 and District of New Mexico Local Rule 56. *See id.*

In response, Plaintiffs contend that they did not "fabricate" the record, but rather, supported each fact with citations to authority. Pls.' Resp. to Mot. to Strike 2-3, ECF No. 218. Plaintiffs address each of the examples the Cervantes Defendants contend were false and assert that some of the factual contentions require examining circumstantial evidence in the light most favorable to them. *See id.* at 3-9. Plaintiffs also argue that they complied with Rule 56 and that there is no legal support for striking their response. *See id.* at 1-2, 10.

Defendants additionally request in their motion for extension of time to file their reply

that any requisite reply be due 15 days after the entry of an order addressing their motion to strike. *See* Defs.' Mot. to Extend, ECF No. 219.

## II. ANALYSIS

Local Rule 56.1(b) permits a response to contain "additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion." The non-movant must letter each additional fact and "refer with particularity to those portions of the record upon which the non-movant relies."

Plaintiffs followed this District's local rules in filing their response. They sought an extension of page limits prior to filing their lengthy response and each material additional fact they lettered with citation to the record. The Court finds no grounds to strike their response.

Plaintiffs' filing of 277 pages of exhibits, while adhering to the Court's Order, did not completely adhere to the spirit of that Order, which implicitly suggested that hundreds of pages of exhibits were too many. The record now before the Court is voluminous and will be time-consuming for the Court to review. Nevertheless, because the Court did not limit the pages of exhibits in its prior Order, it will not penalize Plaintiffs for (over-)filling the void.

The Court recognizes that the lengthy summary judgment record also puts a burden on the Cervantes Defendants to review the record and reply. All the arguments they made as "examples" in their motion to strike, however, are the types of arguments they could, and can, make in their reply. The summary judgment rules contemplate the reply, not a motion to strike, to be the vehicle to make such objections. Deciding the merits of the Cervantes Defendants' specific relevance and lack of supporting evidence objections is better done when considering the merits of the summary judgment motion, not on a motion to strike.

**IT IS THEREFORE ORDERED** that

1. Defendants Cervantes Enterprises, Inc., and Cervantes Agribusiness' Motion to Strike Plaintiff's Response Brief Filed in Opposition to Summary Judgment Motions of Defendant Cervantes Ent. Inc. and Cervantes Agribusiness (**ECF No. 215**) is **DENIED**.

2. Defendants Cervantes Enterprises, Inc., and Cervantes Agribusiness' Motion to Extend Time for Reply Brief in Support of Summary Judgment Motions by Cervantes Defendants (**ECF No. 219**) is **GRANTED**.

3. Defendants Cervantes Enterprises, Inc., and Cervantes Agribusiness must file their reply in support of their motions for summary judgment **within 15 days from entry of this Memorandum Opinion and Order**.

_____
**UNITED STATES DISTRICT JUDGE**