UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| ESTEBAN ALFARO-HUITRON, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | No. 2:15-210 JCH/WPL |
| v. | § | |
| | § | Civil Action |
| WKI OUTSOURCING SOLUTIONS, LLC, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR CONTINUANCE**

On January 11, 2017, this Court set trial in this case for May 22, 2017. Doc. 225. On March 24, 2017, Defendants Cervantes Enterprises, Inc. and Cervantes Agribusiness filed their "Motion to Continue Trial." Doc. 226. Plaintiffs oppose this motion for two reasons:

**1. Continuance Would Prejudice Plaintiffs**

"A party suffers prejudice due to the opposing party's conduct if the party is required to waste time, money, and effort in pursuit of cooperation which the opposing party was obligated to provide." *Phipps v. Accredo Health Group, Inc.*, No. 15-cv-2101, 2017 WL 685579 at *5 (W.D. Tenn. Feb. 21, 2017) (quotation omitted, collecting cases).

Plaintiffs live in South Texas and El Paso, Texas, and perform migrant and seasonal agricultural labor as they can find work, and they do not always work as a group. They cannot easily coordinate their work schedules around trial dates without significant advanced notice. The Court provided ample notice on January 11, 2017, *see* Doc. 225, and prior to defense counsel's motion for continuance, Plaintiffs' counsel had already notified Plaintiffs that they must arrange to be available during the week of May 22. If the trial date is changed for the convenience of defense counsel, the time already spent setting and rearranging schedules has been wasted. Moreover, Plaintiffs still do not know the practical effect of a continuance on the

1

trial date and pre-trial deadlines.  Defendants' motion says nothing about when Defendants and their attorney will be available for trial.  Defense counsel has never attempted to discuss what practical effect the continuance would have on the trail date and pre-trial deadlines.[1]  Plaintiffs' counsel have their own court schedules, parental leave, and vacation schedules that will dramatically impact their availability for trial during the summer of 2017.  More importantly, the summer months present the most employment opportunities for Plaintiffs as migrant farm workers, which may limit their availability for trial during the summer.  It is not easy for Plaintiffs—three farmworkers from South Texas and six from El Paso—to coordinate their work schedules around trial dates without sufficient notice.

### 2.  The Cervantes Defendants Have Not Proved Good Cause

Trial continuances are available only on sufficient proof of "good cause."  D. N.M. LOC. CIV. R.  40.  Defense counsel's only attempt to meet this standard is the claim that "[p]rior to ... January 11, counsel for Defendants made arrangements for a five-member family trip to Europe, and to celebrate a high school graduation."  Doc. 226 at ¶ 2.  No further details are provided concerning what "arrangements" were made.  The Cervantes Defendants do not explain why they waited two and a half months to bring this conflict to the attention of the Court and parties, during which time Plaintiffs' counsel had already undertaken the effort to contact their clients to prepare for the May 22 trial, and to clear their own schedules to meet the attendant deadlines

---

[1] At no time has defense counsel ever attempted to telephone Plaintiffs' counsel or otherwise suggested a willingness to discuss the practical effect that a continuance would have on the trial date.  Instead, defense counsel's legal assistant sent an email at 10:12 a.m. on March 23 seeking agreement to a completed motion for continuance by 4 p.m. on March 24.  This email is not a "good-faith" effort to confer as required by D.N.M. LOC. CIV. R. 7.1(a).  *See Orr v. Illinois Tool Works, Inc*., No. 12-cv-4209, 2014 WL 257375 at *2 (N.D. Ala. Jan. 23, 2014) (good-faith conference requires at minimum a meaningful attempt to hold a two-way conversation); *Whatley v. AHF Fin. Services, LLC*, No. 11-cv-488, 2013 WL 4771466 at *3 (E.D. Tex. Sept. 5, 2013) (email and voice message seeking conference within one business day is insufficient to show good faith attempt to confer).

stated in Doc. 225-1.  This Court requires good cause to be shown by evidence.  D.N.M. LOC. CIV. R. 7.3(b).  The Cervantes Defendants provide none.  Doc. 226.

For these reasons, Plaintiffs urge the Court to deny the motion for continuance.

Respectfully submitted,

March 30, 2017

TEXAS RIOGRANDE LEGAL AID, INC.
1331 Texas Ave.
El Paso, TX 79901
(915) 585-5100

*/s/ Jerome Wesevich*
Jerome Wesevich
N.M. Bar No. 20389
Email: jwesevich@trla.org
Christopher Benoit
Texas Bar No. 24068653
Email: cbenoit@trla.org
Admitted to Practice in D.N.M.

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on the date next to my signature above I electronically filed the foregoing document and all referenced exhibits and attachments using the Court's CM/ECF system, which provides notice and service of these documents to all attorneys of record and unrepresented parties in the above matter.

*/s/ Jerome Wesevich*