UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ESTEBAN ALFARO-HUITRON, *et al.*,

    Plaintiffs,

v.                                                                                                        Civ. No. 15-210 GJF/JHR

JAIME CAMPOS, *et al.*,

    Defendants.

**ORDER DENYING PLAINTIFFS' MOTION
TO OVERRULE CLERK'S ORDER SETTLING COSTS**

THIS MATTER is before the Court upon Plaintiffs' "Motion for Court Review of Clerk's Order Settling Costs" [ECF 296] ("Motion"). The Motion is fully briefed. *See* ECFs 297, 301. For the reasons stated below, the Court will **DENY** Plaintiffs' Motion.

**I. BACKGROUND**

In April 2014, Plaintiffs, U.S. agricultural workers who are represented by the Texas RioGrande Legal Aid, Inc., filed a lawsuit that eventually included nine Defendants. *See* ECFs 1, 103. Plaintiffs claimed that Defendants recruited them under false pretenses, thereby violating provisions of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*, and New Mexico common law. *See* ECF 1. In January and September 2018, the Court granted the summary judgment motions of two Defendants, Cervantes Agribusiness and Cervantes Enterprises Inc. (the "Cervantes Defendants"). *See* ECFs 232, 246.[1]

Shortly thereafter, in October 2018, the Cervantes Defendants filed a Bill of Costs, requesting that the Clerk tax costs against Plaintiffs in the amount of $8,076.72. ECF 247. Plaintiff's did not contest any of the itemized charges in this Bill of Costs, and in May 2019, the

---

[1] Plaintiffs, who settled their claims with all other Defendants, appealed these summary judgments decisions to the Tenth Circuit on June 5, 2019, and this appeal is pending as of the date of this order. *See* ECFs 296, 299, 304.

Clerk granted the Bill of Costs in its entirety. *See* ECF 295 (noting that "Plaintiff's failure to respond to Defendant's Bill of Costs constitute[d] consent to grant the motion" (citing D.N.M. LR-Civ 7.1(b)). Plaintiffs then filed the instant Motion, asking this Court to find that the taxation of costs against them is inappropriate and to thus deny any award of costs to the Cervantes Defendants. ECF 296 at 1, 4.

Plaintiffs argue that the Court should not award costs to Cervantes Defendants as the prevailing party because (1) Plaintiffs are indigent and cannot afford such costs and (2) awarding such costs would punish Plaintiffs and "create a chilling effect on local farmworkers' ability to redress future violations." *Id.* at 2-3; *see also* ECF 301 at 2.

## II.  LAW

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This Rule thus "creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. Int'l Bd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995) (citations omitted).[2] Therefore, "[t]o deny a prevailing party its costs is 'in the nature of a severe penalty,' such that there 'must be some apparent reason to *penalize* the prevailing party if costs are to be denied.'" *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011) (emphasis added) (quoting *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995)). Furthermore, "the non-prevailing party [has the burden] to overcome the presumption that these costs will be taxed." *In re Williams Sec. Litig. – WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).

---

[2] *See also Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 659 (10th Cir. 2013) ("We presume a prevailing party is entitled to costs." (citation omitted)); *Rodriguez v. Whiting Farms, Inc.,* 360 F.3d 1180, 1190 (10th Cir. 2004) (noting "the established rule . . . that costs are generally awarded to the prevailing party" (citations omitted)).

2

"[A] district court may properly deny costs to a prevailing party" when, *inter alia*, "the nonprevailing party is indigent." *Debord*, 737 F.3d at 659-60 (citing *Cantrell*, 69 F.3d at 459).[3] But while indigent circumstances may be considered, "a district court does not abuse its discretion in awarding costs to the prevailing party simply because the non-prevailing parties were indigent." *Bryant v. Sagamore Ins. Co.*, 618 Fed. Appx. 423 (10th Cir. 2015) (unpublished) (citing *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190-91 (10th Cir. 2004) (affirming an award of costs—despite the plaintiffs' indigent status—because plaintiffs failed to show that the prevailing party should be penalized)).

### III. DISCUSSION

Plaintiffs have not overcome the presumption that costs should be awarded to the Cervantes Defendants as the prevailing party. Although "[t]he burden is on [Plaintiffs], . . . they have not offered any reason why [the Cervantes Defendants] should be penalized in this case." *Rodriguez*, 360 F.3d at 1190-91. Instead, Plaintiffs refer to their own indigency and how paying such costs will affect them (e.g., through a chilling effect on future AWPA litigation) as justification for denying an award of costs to the Cervantes Defendants. *See* ECF 296 at 2-3. Plaintiffs have not, for example, alleged that these Defendants were "obstructive," "acted in bad faith," or that they otherwise deserve to be penalized. *Debord*, 737 F.3d at 660.

While the Court "may" deny awarding such costs to the Cervantes Defendants because the Plaintiffs are indigent—thereby inflicting a "severe penalty" on these Defendants—the Court is not required to do so. Furthermore, the Court is hesitant to penalize the Cervantes Defendants,

---

[3] A district court may also deny costs when "[1] the prevailing party is only partially successful, [2] the prevailing party was obstructive and acted in bad faith during the course of the litigation, [3] damages are only nominal, . . . [4] costs are unreasonably high or unnecessary, or [5] the issues are close and difficult." *Id.* (citation and internal quotation marks omitted).

who are presumed to be entitled to such costs, simply to avoid penalizing Plaintiffs.[4] Although Plaintiff argues that such a punishment would generally chill their (and others') ability to redress future AWPA-related violations, the issue is whether the Cervantes Defendants—who were deemed not liable and who did not initiate this lawsuit—"should be penalized." *Rodriguez*, 360 F.3d at 1190. And as no adequate justification for penalizing these Defendants has been presented to this Court, it will **DENY** Plaintiffs' Motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion is **DENIED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[4] Defendants are also likely to incur significant additional costs defending themselves before the Tenth Circuit, given that Plaintiffs have appealed the summary judgments decisions against them.